E. S. WINDAHL, Appellee, v. A. P. HASSELMAN, Appellant.

**EVIDENCE:** Presumptions—Government Bonds.  Government bonds
1  are presumptively of par value.

**WITNESSES:** Credibility—Presumption of Truthfulness.  Witnesses
2  are presumptively truthful, and the jury may be so directed.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

NOVEMBER 11, 1924.

SUIT on a note, plaintiff claiming to be a good-faith holder. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*W. H. Keating* and *Thomas J. Bray,* for appellant.

*Irving C. Johnson* and *McCoy & McCoy,* for appellee.

PER CURIAM.—1. The one controlling issue in the case, whether plaintiff was a good-faith holder, was a question of fact for the jury; and yet there are 19 assignments of error and 26 brief points, some of them with a number of subdivisions. There are 123 pages of argument for appellant, answered by 36 pages for appellee. There is elaborate argument of some of the assignments and points which are not now in the case. We think there is unnecessary elaboration. It makes it burdensome. To illustrate: On motion of plaintiff, the trial court withdrew from the consideration of the jury five allegations of misrepresentation and fraud made to defendant by the stock salesmen of the Associated Packing Company, on the ground that there was no evidence to sustain such allegations. Appellant contends that there was such evidence, and that these grounds should have been submitted to the jury. There was evidence to sustain other grounds of fraud alleged. Again, defendant requested an instruction that the undisputed evidence establishes that there was fraud in the inception of the note, and that it was without

consideration, etc. Again, another requested instruction was to the effect that the undisputed evidence established that the note was without consideration, having been given for stock in the Associated Packing Company, which had been found and adjudicated to have been organized for a fraudulent purpose. Again, there was an offered instruction that plaintiff is bound by the findings of the decree of the district court of Polk County, admitted in evidence, and so on. As said, there is extended argument on these several propositions. It seems to us that a complete answer to these, and some other like propositions, is that, by Instruction 2, the trial court instructed the jury that, as a matter of law, it was conclusively established that the note sued on was obtained by fraud and that the note was without consideration; that the only issue submitted was whether or not plaintiff is the holder in due course, an innocent purchaser, etc. A number of other instructions were requested by defendant; but, in so far as they were correct and applicable to the issues, they were covered by those given by the court, in some instances practically in the same language.

2. The note sued on was for $1,250, dated November 5, 1919, due in nine months. Plaintiff claims to have purchased it November 10, 1919, with two other notes, amounting in all to $1,950. Plaintiff testifies that he gave Liberty bonds for the three notes, the face value of which bonds was $1,900. That he bought the three notes and gave the bonds therefor, is not denied. Plaintiff also testifies that he did not remember what issue the bonds were, and did not know the market value of the bonds at that time; that he had for some years dealt somewhat extensively in commercial paper. There was no evidence by either side as to the market value of the bonds at that time. It seems to have been considered that there was a discount of $50 on the three notes, but there was no evidence as to the exact amount paid for each of them. Plaintiff testifies that the note in suit was represented to be perfectly good, and worth its face. In this connection the trial court instructed:

"The uncontroverted evidence in this case is that the plaintiff exchanged $1,900 worth of Liberty bonds for $1,950 worth of notes, of which the note Ex. A, Hamilton, was one. The par

value of the Liberty bonds thus exchanged was $1,900. The presumption is that such bonds were worth $1,900, unless you find from the evidence it has been shown that they were worth less than that amount. It having been further established by the testimony in this case beyond controversy that the note Ex. A, Hamilton, was without consideration, the plaintiff cannot recover, if you find that he should recover, a greater sum than the amount he paid for the note; and the evidence showing without controversy that he exchanged $1,900 par value of Liberty bonds for $1,950 in value of notes, and this would make a discount of $32, or $1,218 that he paid for the note, if you find the bonds to be of par value. Therefore the court says to you, when you have determined the value of the property exchanged by the plaintiff for the note in controversy, if you find he is entitled to recover, you will figure 6 per cent interest on such amount from the 10th day of November, 1919, to this date, and add the same to the amount you have found that he paid for the said note, and bring in your verdict for one lump sum.''

The objections lodged against this instruction are that plaintiff was entitled to recover only the amount actually paid by it for the note,—that is, we take it, what proportion of the $1,900 in bonds was paid for this one note; also, that the court erred in saying that the presumption is that the bonds were worth $1,900, or par. As to the first point, our recent cases, without deciding the question, make some question as to whether the prior statute relied upon by appellant is now in force, since the passage of the Negotiable Instrument Act. *McLaughlin-Gormley-King Co. v. Hauser,* 195 Iowa 224, 230. Appellee contends that, under Sections 5971 and 5974, Compiled Code, 1919 (Sections 9517 and 9520, Code of 1924), a holder in due course may enforce payment of the instrument for the full amount thereof, according to its tenor. We think that question is not in this case; so that it is unnecessary to determine the point now, for reasons which will be referred to in a moment. As we figure it, the amount of the note, with interest at 6 per cent to the time of the trial January 6, 1923, would be $1,562.17. The verdict was for $1,448.61. The jury either made a mistake in computation or reduced the claim more than the entire $50 dis-

count on the three notes; so that, if the court erroneously assumed, in the instruction, that the discount on the one note in suit was $32, it was, in view of the verdict, clearly nonprejudicial. The verdict also shows that, the bonds being assumed to have been worth par, the recovery was less than the amount paid for the note. If the proportionate discount should be a dollar or two more than the $32 assumed by the trial court, it would be too insignificant to warrant a reversal on a claim of approximately $1,500. Ordinarily, one suing on a note is entitled to recover the face of the note, unless something is made to appear why a smaller recovery should be had. This is defensive matter.

In the absence of any evidence as to the market value of the bonds, we think the court properly instructed that they were presumed to. be worth par. Surely, there is no presumption that government bonds. are worth nothing, or that they are worth any particular amount less than par at any definite time. If the market value was less or more than par, it was available to either party to so show.

1. EVIDENCE: presumptions: government bonds.

It is argued by appellant that it was unnecessary to prove .the value of the bonds because that is a matter of common knowledge, of which judicial notice will be taken. Cases are cited to the point that it is proper for the court to instruct the jury that they may take into consideration matters of common knowledge. Of this it is argued that the burden of proof was upon the plaintiff to show the value of the bonds. It would seem that this is not a logical deduction from the premise. The verdict indicates that the jury may have taken this matter into account and reduced the verdict to some extent because thereof, without knowing, at the time of the trial, in 1923, how much less than par the bonds were worth when the note was purchased in 1919. The instruction is not entirely clear. It says that the bonds are presumed to be of their face value, but seems to leave it to the jury to say, without evidence, whether they were worth par, and how much the plaintiff paid for the note. But, as we have seen, no harm was done, because of the verdict.

3.   The defendant introduced evidence of witnesses tending

to impeach plaintiff by showing that his general reputation for truth was not good.    Plaintiff introduced evidence tending to

2. WITNESSES: credibility: presumption of truthfulness.

sustain his reputation in that respect.    The trial court gave an instruction on this subject, upon which error is predicated.    The complaint is that there is no presumption in favor of the person or witness so attacked.    We think there is, in the first instance, a presumption that witnesses are truthful.    The trial court so stated in the instruction, and left it to the jury .to say whether plaintiff had been successfully impeached, and then said:

"This is one method of impeaching the testimony of a witness.    And if you have found that the witness has been impeached, then you are at liberty to disregard his entire testimony, unless it is corroborated by other credible evidence or circumstances proven upon the trial of the case.    It is for you to say what weight, if any, you will give to the uncorroborated testimony of any such witness if you find that he has been impeached."

It is argued that the matter is entirely for the jury to determine from the evidence, where a witness has been impeached.    That is what the court told the jury.    It does not follow that, because there is evidence tending to impeach the witness, thereby he has been successfully impeached, or that it should be assumed that the witness has been successfully impeached because he has been attacked.    It is a question for the jury, considering the attacking and sustaining evidence, to say whether the witness has been successfully impeached.    No cases are cited by either side which are directly in point on this question; but we find that this court has passed upon the proposition.    In *Walter v. C. D. & M. R. Co.*, 39 Iowa 33, 38, this court said:    "The truthfulness of a witness is always presumed."    In that case there was no attempt to impeach the witness; but it was sought to show that a witness was asked to state how many important offices he had filled.    Objection to such testimony was sustained on the ground that the truthfulness of the witness is presumed, in the absence of an attack.    Clearly, it would be error to single out one witness and permit evidence of that kind to be introduced, to sustain and strengthen his testimony.    That case was

decided fifty years ago, and has never been overruled. Again, in *State v. Ormiston*, 66 Iowa 143, 152, we said:

"Every witness is presumed in the outset to be truthful. If impeaching evidence is introduced, and evidence in rebuttal of the impeaching evidence, the jury must consider whether they still believe the witness to be a truthful person, and the belief of each juryman in this respect will determine whether, in his judgment, the witness has been successfully impeached or not."

It is thought by appellant that in the instant case the instruction is one not usually given, and that the latter part of the instruction is all that is usually given. This may be so; but we have seen that there is a presumption, and the court did not err in so stating.

4. The defendant asked an instruction to the effect that, if the jury should find as a fact that plaintiff purchased the note in suit at a substantial discount, it would be a circumstance to be considered with the other facts and circumstances in determining whether or not plaintiff was in fact an innocent purchaser, under the instructions given. Instruction 9½, given by the court, tells the jury to take into consideration the amount paid for the note and all other facts and circumstances shown bearing on the question as to whether plaintiff was a holder in due course, etc. We think this covered the ground, and is all that defendant was entitled to. It is contended by appellee that there was no substantial discount. The discount was small,— about two per cent.

In the foregoing we have discussed all propositions raised which are at all controlling. We are of opinion that there is no prejudicial error. The judgment is—*Affirmed*.