STATE OF IOWA, Appellee, v. LOUIS WEHDE, Appellant.

No. 43925.

FEBRUARY 8, 1938.

OPINION ON REHEARING DECEMBER 30, 1938.

Herbert Thompson and F. J. Casterline & Son, for appellant.

John H. Mitchell, Attorney General, Ray Potter, County Attorney, and J. C. France, for appellee.

STIGER, J.—This case is before us on a petition for rehearing, our original opinion appearing in 277 N. W. 460.

The state's main witness was Richard Van Dusen who had

previously been convicted of a felony. Without the testimony of this witness the state's evidence was not sufficient to sustain a conviction. The testimony of Van Dusen was substantially as follows: In September 1935, he and Alvis Cliff stole eleven head of Hampshire pigs from E. M. Crees, a neighbor of Cliff, about 8 o'clock at night and delivered them to defendant at his farm about 11 p. m. the same day. Cliff told defendant that he got the pigs close to his home and defendant replied that he should have gotten them farther away from home but it would be all right if Cliff got some more. Defendant gave the witness a drink of alcohol and $2 at the time of the delivery of the pigs. The witness later returned to the farm for more money and received the total sum of $11.

Defendant denied his guilt and offered evidence tending to establish his innocence including the testimony of several character witnesses.

Defendant claims the court erred in overruling his motion to direct a verdict of not guilty made at the close of the state's evidence. It is the contention of defendant that the testimony of Van Dusen had no probative value and was not entitled to consideration because he had been convicted of a felony. The following statement taken from appellant's argument reveals his position:

"We appreciate the rule that this court will not consider an objection that the defendant was not convicted on evidence establishing his guilt beyond a reasonable doubt; we realize that such question was for the jury, but we do insist that where there is no evidence in the record, absolutely none, excepting the testimony of an impeached convict, tending to establish the guilt of the defendant, that under such record, a conviction is worse than one obtained on a mere conjecture. The testimony of an impeached convict is not sufficient to raise even a suspicion of the truth. The naked word of an impeached convict is not sufficient to sustain the State's burden of proof."

Code section 11254 reads:

"11254. Witnesses—who competent. Every human being of sufficient capacity to understand the obligation of an oath is a competent witness in all cases, except as otherwise declared."

Code section 11270 provides that a witness may be inter-

rogated as to his previous conviction for a felony. This section does not make a person who has been convicted of a felony an incompetent witness but such fact is to be considered by the jury in determining his credibility and the weight it will give to his testimony.

Proof that a witness has been convicted of a felony does not of itself impeach him, discredit his testimony or make him unworthy of belief. Appellant's contention is based on a misapprehension of the effect of impeaching evidence and is not supported by our statutes or our decisions. In the case of State v. Voelpel, 208 Iowa 1049, 226 N. W. 770, Mr. Justice Faville, speaking for the court, states [page 1051 of 208 Iowa, page 771 of 226 N. W.]:

"It may be true that, in ancient times, and under the common law, a witness who had been previously convicted of an 'infamous crime' was not permitted to testify at all. However, the law is now more logical and rational in this regard. An innocent person is not to be deprived of the evidence of a material witness who may testify in his behalf because of the fact that the witness has been previously convicted of crime. Evidence of previous conviction of a felony is admissible, under the statute, as affecting the credibility of the witness. The law, however, does not raise the *'presumption,'* as a matter of law, that a person who has previously been convicted of a felony is 'less worthy of belief under oath than a citizen who is law-abiding.' The jury should consider the evidence that the witness had been previously convicted of a felony, in determining the credibility of the witness and the weight to be given his testimony. The jury should be instructed to this effect. See State v. Gilliland, 187 Iowa 794, 798, 799, 174 N. W. 496.

"It is the well established rule in this state that every witness is presumed in the outset to tell the truth. Walter v. C. D. & M. R. Co., 39 Iowa 33, 38; State v. Ormiston, 66 Iowa 143, 152, 23 N. W. 370; Windahl v. Hasselman, 198 Iowa 1001, 200 N. W. 583. When such a presumption is sought to be overcome by any of the recognized methods of impeachment,—as, for example, by proving previous contradictory statements or acts, or a bad reputation for truth and veracity, or previous conviction of a felony,—it is for the jury to determine, from all the facts and circumstances, the credibility that shall be given to the wit-

ness. But, so far as we have been able to ascertain, no court of last resort and no text-writer have ever declared that *the law 'presumes'* that a person who has been convicted of a felony is impeached *ipso facto*. The fact of the previous conviction is a circumstance, like the fact of a bad reputation for truth and veracity, which may properly be considered by the jury in testing the credibility of a witness.'' See State v. Lilteich, 195 Iowa 1353, 191 N. W. 76.

This is not a case where the state's evidence was so lacking in probative force and the verdict so clearly against the weight of the evidence that the verdict cannot be permitted to stand. One of the legal fundamentals is that if there is a conflict in the evidence the guilt or innocence of the defendant is for the determination of the jury. The jury had the opportunity of observing the general bearing and conduct of Van Dusen and defendant on the stand and their manner of testifying. It concluded that though Van Dusen had been convicted of the crime of larceny he was worthy of belief, and, believing his testimony, returned its verdict of guilty. There was a clear conflict in the evidence. There was competent evidence to support the verdict, the jury was correctly instructed with reference to reasonable doubt and there is no basis for disturbing the verdict. It is elemental that the jury passes on the credibility of witnesses, and the trial court, in overruling appellant's motion to direct a verdict in his favor, made at the close of the state's evidence and at the close of all the evidence, properly refused appellant's invitation to enter the exclusive domain of the jury. We find no error in this assignment.

Another proposition on which appellant relies for reversal is that the court erred in overruling defendant's motion to direct a verdict and in holding that the testimony of Van Dusen, an impeached witness, without corroborative evidence tending to connect the defendant with the commission of the crime was sufficient to sustain the verdict of guilty.

So that the position taken by appellant may be accurately stated we quote from his argument:

"If the witness Richard Van Dusen had not been impeached, then his testimony could have been accepted without corroboration, but in the case at bar the sole and only witness giving testimony 'tending to connect the defendant with the

commission of the crime' was the said Van Dusen, and having been impeached by his own testimony,—his admission of a previous conviction of a felony—grand larceny,—and no evidence as to his reformation being offered, the law requires that his testimony, at least in some material respect, be corroborated by other competent and acceptable evidence.''

The above proposition of appellant contains the assumption that the introduction of evidence tending to impeach a witness necessarily results in a successful impeachment, and, thus impeached, he is discredited and his testimony rendered unworthy of belief. This is not the rule. It is well established that impeaching evidence is directed only to the credibility of the witness, and is for the jury to determine, giving due consideration to the impeaching evidence, the credibility of the witness and the weight to be given his testimony. It is often stated in our cases that a witness at the outset is presumed to tell the truth and as stated in Windahl v. Hasselman, 198 Iowa 1001, 1005, 200 N. W. 583, 585:

''It does not follow that, because there is evidence tending to impeach the witness, thereby he has been successfully impeached, or that it should be assumed that the witness has been successfully impeached because he has been attacked.''

The jury may conclude that the witness, though convicted of a felony, is telling the truth and a conviction may rest on such testimony. If the jury is of the opinion that the witness has been successfully impeached it should disregard his testimony unless some material part of it is corroborated. Obviously, the jury concluded that Van Dusen was worthy of belief. We find no authority that sustains appellant's contention that if an attack is made upon a witness his testimony is not entitled to any weight unless corroborated as to some material portion.

In State v. Lilteich, 195 Iowa 1353, 191 N. W. 76, we stated [page 1358 of 195 Iowa, page 78 of 191 N. W.]:

''It is elementary that assaults upon the credibility of witnesses are for the consideration of the jury, which may, nevertheless, believe the substantial truth of the testimony, notwithstanding the attempted impeachment.''

We find the following statement in 70 C. J., page 936:

"Proof of conviction of crime relates solely to the credibility of the witness, but it does not make him, as a matter of law, unworthy of belief, or raise such a presumption as a matter of law; nor does it make his testimony untrue, or destroy his credibility or require that he be corroborated. The fact of the conviction may be considered in weighing his testimony, and it is an important factor for that purpose."

Appellant complains of instruction No. 7, which reads:

"The witness Richard Van Dusen has admitted that he has been previously convicted of a felony.

"It is the well established rule in this state that every witness is presumed in the outset to tell the truth. When such a presumption is sought to be overcome by any of the recognized methods of impeachment,—as, for example, by proof of previous conviction of a felony,—it is for the jury to determine, from all the facts and circumstances, the credibility that shall be given to the witness. The fact of the previous conviction of a felony is a circumstance which may properly be considered by the jury in testing the credibility of the witness. A felony is a public offense which may be punished with death or which is, or in the discretion of the Court may be, punished by imprisonment in the penitentiary or men's reformatory.

"You are therefore instructed that it is for you and you alone to consider and determine the facts of such previous conviction with the other facts in the case affecting his credibility, and give his testimony such credit as you deem it to merit."

Appellant's objection to the instruction is that it provides that notwithstanding the previous conviction of the witness Van Dusen that the jury is at liberty to give his uncorroborated testimony full faith and credit. The conclusions heretofore reached dispose of this complaint adversely to appellant. The instruction was correct and if the defendant desired further instructions on this issue it was incumbent on him to request them.

We have considered assignments complaining of other instructions and find no error.

The original opinion filed in this case, found in 277 N. W. 460, is withdrawn.—Affirmed.

MITCHELL, HAMILTON, KINTZINGER, and OLIVER, JJ., concur.

SAGER, C. J., and RICHARDS, J., dissent.

SAGER, C. J. (dissenting)—I find myself unable to agree with the views of the majority as expressed in the opinion, and therefore respectfully dissent. As I read the record this statement appearing in the opinion is not warranted:

"This is not a case where the state's evidence was so lacking in probative force and the verdict so clearly against the weight of the evidence that the verdict cannot be permitted to stand."

On the contrary, a perusal of the case as it is presented to us leaves in the mind a distinct sense of injustice done by the conviction of this defendant.

But the majority reach the result announced because of principles heretofore laid down which are thought to compel the acceptance as final, in a criminal case, of the verdict of a jury, no matter how unreasonable and no matter how far removed from justice and common sense—provided some witness testifies to the material facts against the accused.

In a civil case we may and do pass upon the sufficiency of the evidence to sustain a verdict; and I decline to admit that this court, either as presently constituted or as its personnel may hereafter be, is incompetent to do so in a criminal case. And if we have laid down rules which demand that a citizen be branded a felon in a case as tenuous as this, I would overrule them. If further reasons for this dissent be sought they will be found in the former opinion which is now withdrawn.

RICHARDS, J., concurs in this dissent.