## UNITED STATES v. ONE 1946 CHEVRO-
## LET COACH et al.

### Clv. A. No. 221–T.

United States District Court
N. D. Florida, Tallahassee Division.
Oct. 11, 1949.

See also 86 F.Supp. 170.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., attorney for libellant.

Weldon G. Starry, Tallahassee, Fla., attorney for respondents.

DE VANE, District Judge.

Joseph Raymond Yawn was arrested, carried before the U. S. Commissioner and charged with the unlawful carrying on of the business of a retail liquor dealer without the procurement of a retail liquor dealer's license, as required by Title 26 U.S. C.A. § 3250(b) (I). Yawn was a taxicab driver in the employee of a taxicab company operating in Tallahassee, Florida. At the time of his arrest the taxicab being operated by him was seized by the Federal agents making the arrest and shortly thereafter a libel of information was filed to confiscate the taxicab.

When the case against Yawn was presented to the Grand Jury a no-bill was returned and Yawn was discharged. Notwithstanding the action of the Grand Jury, however, libellant brought this case on to trial. The question before the court is whether the taxicab should be confiscated, as authorized by Title 26 U.S.C.A. §§ 3116 and 3321.

The facts in the case are not in dispute. They were stipulated by counsel for the parties. The facts disclose that on October 1, 1948 Berthold O. Neilson, Investigator for the Alcohol Tax Unit and O. T. Kirkland, Supervisor for the Beverage Department were at the Talquin Inn in Tallahassee, Florida. At about 10:00 P.M. of that day Kirkland requested the owner to call a cab to get a bottle of whiskey. The owner stated he could, whereupon Kirkland asked him to call the 391 and 1010 Cab Company and to ask for the driver of Cab No. 2. When the owner did so he was told that Cab No. 2 driver was out, that No. 3 driver was speaking, whereupon the owner asked Kirkland to talk with the driver himself, which he did. Cab driver of No. 3 cab asked Kirkland who he was and he told him his name was Bob Chiles. When asked what kind of whiskey he wanted Kirkland said, "Seagram's 7 Crown, if possible." The driver stated he would be out at the Talquin Inn in a few minutes. At 10:30 P.M. Cab No. 3, operated by Yawn, drove up. Neilson gave him a $5 bill, received 75¢ in change and a pint of tax paid Seagram's 7 Crown liquor was delivered to him. On October 3, 1948, while Neilson and Kirkland were together at 116 W. Madison St., Tallahassee, Florida, Neilson called the same taxicab company and asked

170

'for the same driver and requested another pint of Seagram's 7 Crown be delivered at the above address, and at 6:35 P.M. same cab driver drove up and delivered to Kirkland a pint of Seagram's 7 Crown liquor and Kirkland paid the driver $3.50 for this liquor. On Tuesday, October 6, 1948 employees of the Alcohol Tax Unit arrested Yawn and seized the taxicab driven by him on the two occasions in question.

The libel of information in this case charges that the taxicab was being used in the unlawful concealment, removal and transportation of the tax paid whiskey for the sale of which no retail liquor dealer's license had been obtained, as required by Title 26 U.S.C.A. § 3250 and the penalty provisions of § 3321, Title 26 U.S.C.A. are sought to be enforced in this case.

The facts, as stipulated, do not authorize the enforcement of the penalty provisions of § 3321, supra. There is no evidence showing that Yawn was carrying on the business of a retail liquor dealer beyond the evidence of the two sales he made and the evidence as to these sales disclose that he acted merely as a deliveryman. Such evidence is not sufficient to make one a retail liquor dealer. Ledbetter v. U. S., 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162; Anderson v. U. S., 5 Cir., 30 F.2d 485; McNutt v. U. S., 8 Cir., 267 F. 670.

Leon County, Florida, in which Tallahassee is located, is a dry county. Because of the activities of Federal agents in this county to force bootleggers selling tax paid liquor in the county to take out Federal licenses to engage in such business —a number of such cases having been brought in this court and the defendants having exhibited to the court their Federal licenses—the court will take judicial notice of the fact that the Federal Government has licensed numerous bootleggers to carry on a retail liquor business in Leon County, Florida. The evidence in this case fails to disclose the person from whom Yawn secured the liquor in question. It does satisfy the court that Yawn himself was not, in any sense, engaged in the retail liquor business. His employment was that of a taxicab driver and he was actively engaged in that ousiness. For all the court knows

this liquor might have come from a bootlegger in Leon County authorized by the Federal Government to carry on a retail liquor business in tax paid liquor, in violation of the State law.

The stipulated facts in this case further show that the taxicab Companies require every driver to secure from the City a permit to operate a taxicab before being employed. Before securing such a permit the applicant is required to satisfy the City authorities that he is not dealing in and has not dealt in liquor, in violation of the law.

It is necessary that libellant go further than it has gone in this case and show at least some tie-up between the taxicab owner or taxicab operator and the bootlegger. There is no evidence in this case showing that either the taxicab owner or taxicab driver is engaged in the retail liquor business.

A Judgment will be entered in conformity with this memorandum decision.