**UNITED STATES v. ONE 1940 FORD SEDAN et al.**

**Civ. A. No. 222-T.**

United States District Court
N. D. Florida, Tallahassee Division.

Oct. 11, 1949.

him, Kirkland, some liquor. The driver said he could and took Kirkland in his taxicab and drove to 1819 Railroad Street, Tallahassee, Florida, where the cab driver left Kirkland in the cab, entered the building located at that address and returned shortly with one-half pint of Seagram's 7 Crown whiskey. After delivering the whiskey to Kirkland the taxicab drove him to and delivered him at an address requested. Two other deliveries were later made by McNabb to Kirkland of tax paid whiskey and on each occasion the delivery was made at the request of Kirkland.

2. The record shows that the 400 and 1700 Cab Company is owned and operated by Steve Dodson and Christine K. Dodson, his wife; that back in 1945 Christine K. Dodson entered a plea of guilty in Leon County, Florida to the illegal possession of liquor for the purpose of sale and to the maintenance of a place for the sale of intoxicating liquor; and further, that Steve Dodson was, in 1943 and again in 1944 convicted in a State court for the operation of an illicit distillery and further in 1945 was convicted in a State court for maintaining a place for the sale of intoxicating liquor. It should be noted that the State authorities first arrested Dodson in 1945 and later arrested his wife for maintaining this place of business. Fines were imposed by the State court in all cases.

■ Libellant contends that because of this prior record of Dodson and his wife, they are not before this court with clean hands and the court may, therefore, assume they were engaged in the retail liquor business, in violation of the law. The court is not warranted in indulging in such assumption. There is no evidence in this case showing that Dodson and his wife are at this time engaged in the retail liquor business and if they are whether they hold a Government license for the operation of such business.

■ As stated above the stipulated facts in this case show that on the occasion of the first purchase by Kirkland he went with the taxicab driver to the premises where the tax paid liquor was purchased for him. In the absence of any showing in this record that the place of purchase was the resi-

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., attorney for libellant.

Weldon G. Starry, Tallahassee, Fla., attorney for respondents.

DE VANE, District Judge.

The facts in this case, except in two respects which will be referred to later, are similar to the facts in U. S. v. One 1946 Chevolet Coach, D.C., 86 F.Supp. 169.

The two respects in which the facts differ are as follows:

1. On September 25, 1948 when State Beverage Department Supervisor, O. T. Kirkland, made his first purchase of tax paid liquor through McNabb, he went to the place of business of the 400 and 1700 Cab Company and there contacted McNabb and asked if he, a taxicab driver, could get

dence or place of business of the Dodsons or McNabb, the court likewise is not warranted in assuming that the liquor in question came from an establishment illegally operated by either the Dodsons or McNabb.

For the reasons stated above and the further reasons stated in U. S. v. One 1946 Chevrolet Coach, D.C., 86 F.Supp. 169, the court holds that libellant has failed to show such violation of the tax laws as to entitle this court to confiscate the taxicab involved in this case.

A judgment in conformity with this memorandum decision will be entered herein.