UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph Edward KESSLER, Defendant-
Appellant.

No. 16145.

United States Court of Appeals
Sixth Circuit.

Nov. 10, 1965.

Dale Quillen, Nashville, Tenn., for appellant.

Carrol D. Kilgore, Asst. U. S. Atty., Nashville, Tenn., for appellee. James F. Neal, U. S. Atty., Nashville, Tenn., on the brief.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and CONNELL, District Judge *.

PER CURIAM:

Appellant herein appeals from a conviction under Counts One and Two of an indictment alleging the sale of narcotics in violation of Title 26, U.S.C.A. § 4704 (a). The trial court had directed acquittal on Counts Three and Four of said indictment because of failure of proof that the alleged acts were committed within the jurisdiction of the court.

Count One charged that a sale of narcotics was made to one Jesse T. Tolliver under § 4704(a), and Count Two charged a sale under § 4705(a) in the absence of a written order to the person to whom the narcotics were sold.

Appellant claims the evidence preponderated in his favor and that his guilt was not proved beyond a reasonable doubt. He bases this claim largely on the proposition that the person with whom it is claimed that he dealt in the sale of narcotics was a person of such lengthy criminal history and such appallingly low character that his testimony was completely incredible.

Generally, of course, the credibility of witnesses is a matter for jury consideration, subject to proper instructions. The bad character of a government witness does not render his testimony inadmissible or worthless—particularly where, as here, there is substantial corroboration. United States v. Thomas, 342 F.2d 132 (C.A. 6, 1965). This jury had the right and duty to consider Tolliver's testimony, along with that of all other witnesses, to decide questions of credibility and ultimately to determine guilt or innocence in this case.

The facts show that government agents here followed usual procedure in seeking

---

* James C. Connell, Chief Judge, United States District Court for the Northern District of Ohio, sitting by designation.

to buy narcotics from a seller. Tolliver was furnished $100 by agents to buy narcotics from Kessler. At their first meeting appellant Kessler visited Tolliver's apartment in Nashville, Tennessee, watched by agent Mattingly. Tolliver and Kessler discussed the sale of narcotics while agent Moss listened from a place of concealment and heard Kessler tell Tolliver he came for the money. Tolliver, however, said he could not pay until narcotics were delivered, and Kessler left. A second meeting that night also resulted in no sale.

Then later that night, Tolliver, observed by agents, entered his apartment with Kessler. Kessler left the apartment in one minute and Tolliver came out immediately thereafter with morphine tablets, which he testified he bought from Kessler. This sale was the basis for Count One. Before and after all three meetings with appellant, Tolliver was searched by the agents. The money used in the sale was returned by Tolliver to the agents after the first two unsuccessful meetings.

Shortly thereafter Kessler and Tolliver talked on a telephone which was monitored by an agent. They discussed the purchase of $2,000 worth of narcotics. Agent Jessup was introduced to Kessler by Tolliver as the "man who had the money." Jessup showed Kessler a bundle of bills purporting to be $2,000, and together they went to a lock box in a bus station in Nashville, where the money was placed.

Kessler then drove Jessup to Bowling Green, Kentucky. He refused to take Jessup where the narcotics were to be procured, but he immediately returned to Jessup with $1,900 worth of narcotics. He said he had already sold $100 worth to a man whom the jury could have inferred to have been Tolliver. Preparatory to completing the sale of narcotics, they returned to the Nashville bus station to get the money from the lock box, whereupon agents Mattingly and Moss arrested Kessler. The narcotics were then taken from his car, where Kessler had placed them under the hood.

 The jury, in deciding whether there was proof of guilt beyond a reasonable doubt, clearly had a right to consider the testimony of the three government agents corroborating Tolliver's statements as to the sale charged in Counts One and Two. There was testimony from which the jury could have found appellant guilty beyond a reasonable doubt.

We find no reversible error in this record.

The judgment of the District Court is affirmed.