(R.D. 11757)

CASTLE & COOKE, INC.
A. J. FRITZ & CO. OF HAWAII, INC. } *v.* UNITED STATES

Entry No. 103767.

(Decided on rehearing [R.D. 11693] December 28, 1971)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiffs.
*L. Patrick Gray, III*, Assistant Attorney General (*Bernard J. Babb* and *Michael M. Hunter*, trial attorneys), for the defendant.

WILSON, Judge: The merchandise involved in this reappraisement case consists of two Broadbent automatic sugar centrifugal units

and fitments, exported from England to Hawaii on or about September 15, 1967. Entry No. 103767 was made on October 13, 1967 at the port of Honolulu at the invoice price of £15,803 ($44,071) and was appraised at £16,870, plus carriage, cases and labor, as shown on the special customs invoice.

The merchandise is on the final list promulgated by the Secretary of the Treasury (93 Treas. Dec. 14, T.D. 54521) and was appraised on the basis of export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (91 Treas. Dec. 295, T.D. 54165). It is presumed, therefore, that the merchandise was freely offered for sale to all purchasers for exportation to the United States in the usual wholesale quantities and in the ordinary course of trade at the appraised value. *United States* v. *Fischer Scientific Co.*, 44 CCPA 122, C.A.D. 648 (1957). Plaintiffs do not challenge the basis of appraisement but claim that the appraised value includes a 10 percent commission or discount which is not dutiable.

Yoichi Tamura, import specialist at the port of Honolulu testified on plaintiffs' behalf that he sent a "Notice of Action," which bears his signature, to Castle & Cooke, Inc., the importer of record. That document was received in evidence as plaintiffs' exhibit 1. It contains the statement "Remarks 10% 'commission' made dutiable." This is the only challenged item in the appraised value. The plaintiffs may therefore rely upon the presumption of correctness attaching to the other elements of the statutory value and need only establish that the 10 percent "commission" is *not* properly a part of dutiable value. *Knit Wits (Wiley) et al.* v. *United States*, 59 Cust. Ct. 753, R.D. 11401 (1967), affirmed *United States* v. *Knit Wits (Wiley) et al.*, 62 Cust. Ct 1008, A.R.D. 251, 296 F. Supp. 949 (1969), and cited cases.

In the case at bar, former Chief Judge Paul P. Rao rendered a decision and entered a judgment wherein it was held that export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (91 Treas. Dec. 295, T.D. 54165), was the proper basis for determining the value of the imported merchandise, and that said value was the appraised value. *Castle & Cooke, Inc., A. J. Fritz & Co. of Hawaii, Inc.* v. *United States*, 64 Cust. Ct. 628, R.D. 11693 (1970).

Thereafter, on April 1, 1970, Judge Rao granted plaintiffs' motion for rehearing. On January 12, 1971 the case was resubmitted before Senior Judge David J. Wilson upon the record made and exhibits previously introduced in this case, together with plaintiffs' exhibit 6, which is the affidavit of Geoffrey L. Grimwood, dated March 3, 1970.

Nothing contained in the new affidavit materially changes the facts

as stated in the original opinion in this case. Accordingly, I adhere to and adopt the same as follows:

"I am of the opinion and hold that the record does not establish that the 10 percent discount claimed by plaintiffs was freely offered to all purchasers of the merchandise for exportation to the United States. A discount which is not granted to all purchasers in the usual wholesale quantities and in the ordinary course of trade may not be considered in determining export value. *United States* v. *A. W. Faber, Inc.*, 21 CCPA 290, T. D. 46819 (1933); *United States* v. *Mexican Products Co.*, 28 CCPA 80, C.A.D. 129 (1940); *J. J. Gavin & Co., Inc.* (*Solomon & Phillips*) v. *United States*, 38 CCPA 69, C.A.D. 441 (1950).

"I find as facts:

"1. That the merchandise involved herein consists of sugar centrifugals with fitments, manufactured by Thomas Broadbent & Sons, Ltd., of England, and exported to Castle & Cooke, Inc. of Hawaii on or about September 15, 1967.

"2. That said merchandise is on the final list promulgated by the Secretary of the Treasury, pursuant to the Customs Simplification Act of 1956, 93 Treas. Dec. 14, T.D. 54521.

"3. That said merchandise was appraised on the basis of export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, at £16,870, plus carriage, labor and cases.

"4. That plaintiffs claim that the appraised value includes a commission or discount of 10 percent of the ex works price, offered to purchasers in areas, including the United States, where the manufacturer does not have selling agents, and that said commission or discount is nondutiable.

"5. That plaintiffs have failed to establish that such or similar merchandise is freely offered or sold to all purchasers for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, at ex works prices, less 10 percent, f.o.b. port of shipment.

"6. That plaintiffs have failed to prove a value other than the appraised value.

"I conclude as matters of law:

"1. That export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for determining the value of the within merchandise.

"2. That said value is the appraised value."

Judgment will be entered accordingly.