RATTANCRAFT OF CALIFORNIA and
Harper, Robinson & Co. et al.,
Appellants,

v.

UNITED STATES, Appellee.

A.R.D. 308; Reappraisement R67/1241
and two others.

United States Customs Court,
Second Division, Appellate Term.

Dec. 15, 1972.

Glad & Tuttle, Los Angeles (Edward N. Glad, Los Angeles, Cal., of counsel), for appellants.

Harlington Wood, Jr., Asst. Atty. Gen. (Velta A. Melnbrencis and Andrew P. Vance, New York City, trial attorneys), for appellee.

Before RAO, FORD, and NEWMAN, Judges.

RAO, Judge:

This matter is before the court on application for review for the second time. At issue is the sufficiency of the evidence presented to establish that the imported merchandise was freely sold, or offered for sale, to all purchasers at the invoice unit values. Appraisement was made at said values plus items marked "X", representing inland freight and shipping charges. The appraisement was deemed separable and appellants claim that under the separability rule the proof presented is sufficient.

When this case was originally before the trial court, evidence was introduced in the form of affidavits of the manufacturers, testimony of David L. More, president of the importing firm, and a report and testimony of Perry J. Spanos, who had been senior customs representative in Hong Kong during the relevant period. The affiadvits all stated that the manufacturers offered their merchandise to all purchasers at either an f. o. b. price or an ex-factory price at the option of the buyer. The importer's president testified that he instructed the firm's buying agent, Kwong Hop & Co., Ltd., to purchase at ex-factory prices.

Mr. Spanos testified that during the relevant period inland freight and shipping charges in southeast Asia were pretty constant and ran as high as 5 percent of the purchase price for bulky merchandise. The invoices herein set forth amounts which, when computed as percentages of the purchase prices, run from 13 to 39 percent. Mr. Spanos' report sets out information obtained from H. H. Peng, manager of Kwong Hop, to the effect that the inland charges were overstated and included amounts of money paid as bribes to certain admeasurers and surveyors for understating cubic footage for purposes of determining the cost of ocean freight, and that Kwong Hop acted as the exclusive selling agent of one of the manufacturers.

On the record thus presented, the trial court held the evidence insufficient to establish plaintiffs' claims. Rattancraft of Calif., Harper, Robinson & Co. et al. v. United States, 66 Cust.Ct. 538, R.D. 11737 (1971). It stated (pp. 541–542):

> While I am in agreement with plaintiffs' basic premise that in this separable appraisement their burden of proof consists of showing that the merchandise is freely offered for sale without the disputed charges, I do not agree that the nature of the disputed charges is of no moment. When the nature of the disputed charges is itself a subject of dispute, I am of the opinion that the entire climate of the case is affected. The fact that there has evidently been a manipulation of the sums attributed to inland freight and shipping gives rise to the need for a rigorous examination of plaintiffs' proof and lessens the impact and weight of the existing proof. Thus, a quantum of proof which, in another case, might be adequate to establish that merchandise is freely sold without disputed charges is not adequate herein. The weight to be given to evidence is a matter peculiarly within the province of the trial judge and is properly influenced by the factual setting. D. C. Andrews & Co., Inc., et al. v. United States, 50 Cust.Ct. 521, A.R.D. 151 (1963). I consider the testimony together with the affidavits of the manufacturers to lack the detail and persuasiveness which the circumstances of this case demand.

> * * * The dispute surrounding the nature of the separable charges is relevant insofar as it affects the weight to be given to plaintiffs' proof on the issue of ex-factory price.

On application for review, we examined the evidence in detail, noting the weaknesses of appellants' case, especially in that, as appellants admitted, there was nothing in the record to show that the merchandise was freely offered for sale to all purchasers on an ex-factory basis other than the bare statements in the affidavits, and further noting that the report of Mr. Spanos cast doubt on the credibility of appellants' evidence. Rattancraft of California, Harper, Robinson & Co. et al. v. United States, 68 Cust.Ct. 303, A.R.D. 298, 336 F.Supp. 1401 (1972). The court concluded that on the basis of the record before the trial court, it would have affirmed.

However, subsequent to the date of the trial court's decision, Mr. Spanos was convicted of theft of government property. This court, in view of the fact that the trial judge had laid great stress on Mr. Spanos' report, and that Mr. Spanos' credibility had been put into question by his conviction of a crime involving moral turpitude, remanded the case to the trial court with directions to receive evidence of the conviction, and to reconsider its original determination and make new findings after weighing the testimony and report of Spanos in the light of his conviction.

On remand, the trial court duly received evidence of Spanos' conviction and reconsidered his testimony and report in the light thereof. Rattancraft of California, Harper, Robinson & Co. et al. v. United States, 68 Cust.Ct. 243, R.D. 11764, 340 F.Supp. 978 (1972). The trial judge adhered to his original decision, stating (p. 248, 340 F.Supp. p. 982):

> I am still inclined to give the testimony and report a good measure of credence and considerable weight. In

so doing I am exercising the prerogative of a trial judge to determine the credibility of witnesses and the weight to be attached to their testimony. See 89 C.J.S. Trial § 593b (1955).

It must be kept in mind that impeachment is an attack on credibility. It is not *ipso facto* the complete destruction of credibility. State v. Wehde, 226 Iowa 47, 283 N.W. 104, 105 (1938). Impeachment is only one element or factor to be considered in determining a witness' credibility. Walker County Lumber Co. et al. v. Sweet et al., Tex.Civ.App., 40 S.W.2d 225, 227 (1931); cf. Bosserman v. Watson, 230 Iowa 627, 298 N.W. 804, 811 (1941). I do not believe the criminal activity for which Spanos was convicted must necessarily pervade and taint all his other actions. See United States v. One 1940 Ford Sedan et al., 86 F.Supp. 170, 171 (D.C.N.D. Fla.1949).

I remain favorably impressed with Spanos' bearing and demeanor on the witness stand as well as with the internal consistency and plausibility of his testimony and report. There is nothing in his later criminal conviction which casts specific doubt on the truth of any facts contained in his testimony and report. It is therefore my judgment that his testimony and report are entitled to considerable weight.

As a result of the evidence in the Spanos' report that the inland charges were overstated and manipulated to allow for bribes paid to obtain a reduction of ocean freight and other charges the routine assertions in the manufacturers' affidavits and the rather general testimony of plaintiffs' president are insufficient in this case to establish that the merchandise is freely sold without disputed charges. In view of the questionable nature of these charges I would demand considerably more detail regarding specific transactions and rigorous proof regarding sales of the merchandise in question at prices which do not include the disputed charges.

On this application for review, appellants argue that Mr. Spanos' testimony and report are worthy of no credence and that the proof presented is sufficient to establish *prima facie* that the unit invoice prices represent the proper export value.

Appellants urge that Spanos has been shown to be an unreliable government agent and that although by virtue of statute, 28 U.S.C. § 2633 (1964 ed.), unsworn reports of government agents containing hearsay statements may be received in evidence in reappraisement cases, a greater degree of care should be exercised in accepting them when the agent has been convicted of a crime than in accepting the sworn testimony of a witness who had been similarly convicted of a crime.

■ The weight to be given to a report of a customs agent, admissible by statute, is a matter for the trial court to decide (T. D. Downing & Co. et al. v. United States, 16 Ct.Cust.Appls. 293, 299, T.D. 42873 (1928); United States v. Gehrig, Hoban & Co., Inc., 54 CCPA 129, 134, C.A.D. 924 (1967)), as is the weight to be given evidence propounded by a witness convicted of a crime involving moral turpitude (Widmer v. Johnston, 136 F.2d 416, 418 (1943), cert. denied, 320 U.S. 780, 64 S.Ct. 92, 88 L.Ed. 468 (1943); United States v. Kessler, 352 F.2d 499 (1965); State v. Wehde, 226 Iowa 47, 283 N.W. 104 (1938); State ex rel. Gladden v. Lonergan, 201 Or. 163, 269 P.2d 491, 504 (1954); 98 C.J.S. Witnesses § 537.

■ In the instant case, in addition to the report, the trial court had the benefit of observing Mr. Spanos' demeanor on the witness stand and was thus in a position to judge to what extent he was a reliable witness insofar as the facts in this case were concerned. We find no abuse of discretion in the trial judge's determination that Spanos'

report and testimony are entitled to considerable credence and weight.

As stated previously, appellants' *prima facie* case contained a bare minimum of proof that the merchandise was freely offered to all purchasers on an ex-factory basis, consisting of statements by manufacturers unsupported by copies of offers, orders, invoices, or lists of sales, or even references to actual sales. While this type of evidence has been accepted in a few cases when uncontradicted, it will not stand as sufficient in the face of other evidence which casts doubt on the statements or discloses other elements bearing on the accuracy or completeness of the evidence presented. Cf. Castle & Cooke, Inc., et al. v. United States, 64 Cust.Ct. 628, 633, R.D. 11693 (1970), decision on rehearing, 67 Cust. Ct. 536, R.D. 11757 (1971); Mannesmann-Meer, Inc. v. United States, 58 CCPA 6, 8, C.A.D. 995, 433 F.2d 829 (1970); Quock Ting v. United States, 140 U.S. 417, 420, 11 S.Ct. 733, 35 L.Ed. 501 (1891); Young Ah Chor v. Dulles, 9 Cir., 270 F.2d 338, 341 (1959).

In the instant case, the meager *prima facie* case, the statements of Mr. Spanos, and the invoices themselves raise enough questions to shift the burden of going forward with the evidence to appellants. Mr. More's testimony in rebuttal does not meet the burden, since he had no firsthand knowledge of the facts.

For the reasons stated, the findings of fact and conclusions of law of the trial judge are adopted and incorporated by reference. Judgment affirming the decision below will be entered accordingly.

FORD and NEWMAN, JJ., concur.