**SERVICE AFLOAT, INC., Howard Hartry, Inc.**

v.

**UNITED STATES.**

**Reappraisement R68/2791.**

United States Customs Court, Second Division, Appellate Term.

Jan. 12, 1973.

Glad & Tuttle, Los Angeles, Cal. (Edward N. Glad, Los Angeles, Cal., of counsel), for appellants.

Harlington Wood, Jr., Asst. Atty. Gen. (Frederick L. Ikenson, New York City, trial attorney), for appellee.

Before RAO, FORD, and NEWMAN, Judges.

NEWMAN, Judge:

Appellants (plaintiffs below) have filed an application for review of the decision and judgment of Maletz, J., in Service Afloat, Inc., Howard Hartry, Inc. v. United States, 68 Cust.Ct. 225, R.D. 11761, 337 F.Supp. 458, reh. den. (1972). The imported merchandise is a pleasure boat, invoiced as a "Grand Banks 36' Twin Screw Cruiser, #23", exported from Hong Kong by American Marine, Ltd. in May 1965 and entered at the port of Los Angeles the following month. The boat was appraised at $21,070 [1] on the basis of export value as defined in section 402(b) of the Tariff Act of 1930, as amended (19 U.S.C. § 1401a (b)).[2] There is no dispute that export value is the proper basis for the appraisement of the boat; but appellants claim that such value is $15,740. Judge Maletz sustained the appraised value. We affirm.

The parties have agreed that the issues of fact and law are the same as those previously before us in Robert E. Landweer & Sons, Inc., a/c Robert Newton & Sons, Inc., et al. v. United States, 59 Cust.Ct. 648, R.D. 11359 (1967), aff'd 63 Cust.Ct. 682, A.R.D. 261 (1969), and the record therein has been incorporated into the record of the present case.

In Landweer, Wilson, J., found that "Robert Newton & Sons, Inc., through Robert Newton, was the alter ego business conduit for American Marine, Ltd., of which Robert Newton was a major stockholder, its president, and managing director"; and that "[t]he Robert Newton & Sons, Inc., corporate entity may be disregarded as a device to circumvent a customs statute in the proper ascertainment of an export value * *". 59 Cust.Ct. at 666. On application for review (A.R.D. 261), this court found that " * * * the Newton company was the selling agent of American Marine Ltd. and not a bona fide selected purchaser". 63 Cust.Ct. at 689.

Thus, the main issue in the present case, as succinctly stated by the trial judge, is

* * * whether, as claimed by plaintiffs [appellants], Robert Newton & Sons, Inc., a California corporation (hereafter referred to as "Newton Corp.") was a selected purchaser of the boat from its manufacturer-exporter, American Marine Ltd. of Hong Kong (hereafter referred to as "American Marine"), or whether, as contended by the government, Newton Corp. was a sales agent of American Marine. More particularly, plaintiffs

---

1. The appraised value includes American goods returned, valued at $1,282.76. This latter value is not challenged by appellants.

2. Section 402(b) of the Tariff Act of 1930, as amended (19 U.S.C. § 1401a(b)) reads in part:

   (b) Export Value.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States * * *.

   Section 402(f) of the Tariff Act of 1930, as amended (19 U.S.C. § 1401a(f)), which is also relevant, reads in part:

   (f) Definitions.—For the purposes of this section—

   (1) the term "freely sold or, in the absence of sales, offered for sale" means sold, or, in the absence of sales, offered—

   (A) to all purchasers at wholesale, or
   (B) in the ordinary course of trade to one or more selected purchasers at wholesale at a price which fairly reflects the market value of the merchandise,

   *   *   *   *   *   *

argue—as they did in the prior litigation—that Newton Corp. *purchased* the boat from the manufacturer, American Marine, at a net f. o. b. price (of $15,740 in the present case) and that appraisement should have been made at that price. Defendant, to the contrary, contends—as it did previously—that the Newton family controlled both Newton Corp. and the manufacturer-exporter, American Marine; that Newton Corp. was a sales agent for the manufacturers; and that the freely offered price at which the boat was sold by American Marine for exportation is represented by the appraised value. 68 Cust.Ct. at 226–27.

■ In addition to incorporating the record in *Landweer,* appellants have introduced in evidence the testimony of four witnesses and two exhibits. Appellee called one witness and introduced in evidence one exhibit. Inasmuch as the pertinent facts have been accurately summarized and perceptively analyzed by Judge Maletz (R.D. 11761), no further summary or analysis is included in this opinion. It suffices to state that we adopt and incorporate by reference the trial court's factual determinations and conclusions of law. Indeed, we have no hesitation in concluding that the Newton Corp. was not a purchaser from American Marine, but rather was the latter's selling agent. Export value cannot be established pursuant to sections 402(b) and 402(f)(1)(B) on the basis of the "price paid" by such seller's agent.

■ Appellants assign as error the denial of their motion for rehearing, which was sought in order to introduce in evidence a certified copy of the judgment of conviction of Customs Agent Perry Spanos for theft and conversion.[3] It is contended by appellants that the agent's reports (collective exhibit E) influenced the decision of the trial judge, and therefore the denial of their motion was contrary to Rattancraft of California, Harper, Robinson & Co. et al. v. United States, 68 Cust.Ct. 303, A.R.D. 298, 336 F.Supp. 1401 (1972).

In *Rattancraft,* this court (the writer not participating) took judicial notice of the conviction of Mr. Spanos and remanded the case to Watson, J., the trial judge there, with directions to receive evidence of the conviction and to reconsider his original determination. Judge Rao, writing for the appellate term, specifically pointed out that "the trial judge laid great stress on the statements made in the report of Mr. Spanos *and it appears that in the absence of the report, his decision might have been different".*[4] (Emphasis added.) 68 Cust. Ct. at 310–311, 336 F.Supp. at 1407.

By contrast, in the present case it does not appear that in the absence of Spanos' reports the decision of the trial court would have been any different. In point of fact, Judge Maletz explicitly stated that "the evidence of record, *without even considering these reports,* establishes beyond question that Newton Corp. was a selling agent of American Marine and not a bona fide purchaser". (Emphasis added.) 68 Cust.Ct. at 232, n. 5, 340 F.Supp. 1398. And in any event, the conviction was considered by Judge Maletz pursuant to appellants' motion for rehearing, which was denied. However, in *Rattancraft* (A.R.D. 298)

3. United States of America v. Pericles John Spanos, No. 7660 Criminal, United States District Court, Central District of California, dated June 11, 1971. Thus, the judgment is dated subsequent to the trial in the present case (January 29, 1970), yet prior to the decision in R.D. 11761 (January 19, 1972).

4. On remand, Judge Watson adhered to his original decision, giving Spanos' testimony and report "a good measure of credence and considerable weight". Rattancraft of California et al. v. United States, 68 Cust.Ct. 243, R.D. 11764, 340 F.Supp. 978 (1972). On the second application for review, we recently affirmed the decision and judgment of the trial judge, finding no error in his determination that Spanos' report and .testimony were entitled to considerable credence and weight. Rattancraft of California et al. v. United States, 69 Cust.Ct. ——, A.R.D. 308 (1972).

Spanos' conviction occurred after the time had expired for filing a motion for rehearing in Rattancraft of Calif., Harper, Robinson & Co. et al. v. United States, 66 Cust.Ct. 538, R.D. 11737 (1971), and, hence, Judge Watson had no opportunity to reconsider the agent's report and testimony in light of the conviction.

In short, the present case is readily distinguishable from *Rattancraft* (A.R.D. 298), upon which appellants heavily rely. Moreover, we agree with Judge Maletz that even disregarding the reports and testimony of Mr. Spanos, the record clearly establishes that the Newton Corp. was a selling agent of American Marine, and that there was no bona fide sale of the merchandise to a selected purchaser.

Finally, we have carefully considered the other decisions cited in appellants' brief, but find that none are apposite to the facts and circumstances of this case.

Even the recent decision of J. L. Wood v. United States, 68 Cust.Ct. 259, R.D. 11766, 340 F.Supp. 1398 (1972) (application for review pending), upon which appellants rely, specifically notes that the factual situation therein is entirely different from that in the incorporated *Landweer* case and the present case. In such connection, Judge Ford significantly observed (*ibid.* at 263, 340 F.Supp. at 1401):

> * * * The record therein [*Landweer* and *Service Afloat*] established the importer to be the exclusive selling agent of the manufacturer. This creates the relationship of principal and agent and the conduct of the parties was held to be repugnant to that of buyer and seller.

In consonance with the foregoing findings and conclusions, the decision and judgment of the trial court are affirmed. Judgment will be entered accordingly.