THE STATE OF IOWA, Appellee, v. JAMES O'BRIEN *et al.*, Appellants.

81  93
117  230
81  93
127  688

1. **Burglary**: EVIDENCE. The defendants, three in number, were jointly indicted for burglary of goods in a storeroom. The person in charge of the store testified that the door of the store was shut and latched, and that defendants entered by raising the latch; while the defendants all testified that the door was open when they entered. *Held*, that the finding of the jury against the defendants cannot be said to be without justification.

2. ———— : LIFTING A LATCH IS A "BREAKING." Lifting the latch of a door to a building. and entering therein, is a "breaking" into such building within the meaning of the statute against burglarys

3. ———— : OWNERSHIP OF PREMISES. An indictment which charge. one with burglariously breaking and entering "a certain store of one W. W. Doolittle," sufficiently alleges the ownership of said premises.

4. ———— : TESTIMONY OF ACCUSED : CROSS-EXAMINATION. A defendant, on trial for the crime of burglary, who has testified on direct examination to having seen a stranger come out of the premises entered as he went in, may be required on cross-examination to state who remained on the premises in question.

5. ———— : ———— : ————. A person on trial for a criminal offense, who testifies in his own behalf, may, for the purposes of impeachment, be questioned on cross-examination as to former convictions for offenses previously committed by him.

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, OCTOBER 14, 1890.

THE defendants, James O'Brien, James Morgan and John Shay, were indicted and convicted of burglary, and now appeal to this court.

*J. L. Carney*, for appellants.

*John Y. Stone*, Attorney General, and *W. W. Miller*, County Attorney, for the State.

BECK, J.—The indictment is under Code, section 3894, and is in the following language: "The said James O'Brien, James Morgan and John Shay, on the nineteenth day of November, A. D. 1889, in the county aforesaid, did unlawfully, feloniously and burglariously break and enter a certain store of one W. W. Doolittle, in which goods, wares and merchandise of said W. W. Doolittle were kept for sale, use and deposit by the said W. W. Doolittle, with a felonious intent on the part of said James O'Brien, James Morgan and John Shay then and there feloniously to take, steal and carry away the said goods, wares and merchandise of said W. W. Doolittle, then and there to commit a public offense, to-wit, larceny, contrary to and in violation of law."

I. The evidence shows that defendants entered a store owned by W. W. Doolittle, which was in charge of M. W. Doolittle. O'Brien entered a few minutes after the others went in. The person in charge of the store testifies that the door of the store was shut and latched, and that the defendants entered by raising the latch. Defendants all testify that the door was open when they entered. We cannot say that the jury were not justified in basing their finding on the evidence of the person in charge of the store, rather than upon the evidence of the defendants. It is not surprising that the jury would give more weight to his evidence than to the testimony of the three persons, shown beyond a doubt to be guilty of a felony.

1. BURGLARY: evidence.

II. The defendants were together in the store, and, while the attendant was showing them, or some of

them, goods, Shay took a garment, and concealed it under an overcoat carried on his arm. The attendant discovered the stolen goods, and drew them from the place of concealment, and called for help. Thereupon O'Brien struck him, and, with the other defendants, fled from the store.

*2. ——: lifting a latch is a "breaking."*

It is first insisted that the evidence does not show that a burglary was committed, in that the evidence shows that the defendants entered by lifting the latch of the door, which is not a breaking contemplated by the statute. The word "break" used by the statute does not imply the use of any degree of force or violence, in order to injure or destroy any part of the building, but the force that is necessary to remove impediments to entering, as the opening of doors. The latch of the door is used to keep the door shut, and exclude entrance. The lifting of the latch removes the impediment designed to prevent an entrance, and is, therefore, a breaking, within the contemplation of the law. See, in support of these views, Whart. American Crim. Law, sec. 1532; 1 Bish. Crim. Law, sec. 190.

III. It is next insisted that the indictment does not show who was the owner of the build ing. But it clearly appears to the contrary by reading the indictment.

*3. ——: ownership of premises.*

IV. The defendant Shay, on cross-examination, testified as to a person, and his description, whom he saw in the store when the crime was committed. It was objected to as not being proper cross-examination. He testified that a stranger came out of the store as he went in. We see no impropriety in requiring him to state who were left in the store. We discover no prejudice to defendants from this testimony.

*4. ——: testimony of accused: cross-examination.*

V. O'Brien testified, on cross-examination, as to convictions for offenses he had committed, and the places he had visited. It is insisted that the evidence is immaterial, and was not properly elicited upon cross-examination. The meager abstract fails to show that it was not rightly elicited on

*5. THE same.*

cross-examination, as it fails to show the questions asked the witness upon the examination in chief, and upon the cross-examination. As the evidence tended to impeach the witness, it was not immaterial. It was not claimed in the court below, and is not in this court, that the evidence is incompetent.

We think the rules permitting a witness to be examined on cross-examination to show convictions for crimes committed by him, in order to impeach him, applies to persons charged with crimes when they appear themselves as witnesses. See *State v. Kirkpatrick*, 63 Iowa, 554; *State v. Teeter*, 69 Iowa, 717. Of course they may, as other witnesses, decline to answer questions, if their evidence would tend to criminate themselves. But no such protection was claimed in this case.

VI. The sentence of O'Brien was imprisonment in the penitentiary for ten years, and of the other defendants for six years each. It is insisted that the punishment is excessive. We think otherwise. The judgment of the district court is AFFIRMED.