THE STATE OF IOWA, Appellee, v. FRED BROWER, Appellant.

Burglary: BREAKING AND ENTERING. The opening of a merely
1 closed door, and entrance of the building thereby, for the purpose of·larceny, is burglary.

Evidence: POSSESSION OF STOLEN PROPERTY. The unexplained pos-
2 session of goods stolen by means of·an unlawful breaking and entering, will support a conviction for burglary.

Breaking and entering: VARIANCE. Under a charge of breaking
3 and entering a building, proof of such entry into the cellar of the building is not a fatal variance.

*Appeal from Johnson District Court.*— HON. O. A. BYING-
TON, Judge.

TUESDAY, JULY 11, 1905.

THE defendant appeals from a judgment ·of conviction upon an indictment charging him with the crime of burglary. — *Affirmed.*

*John J. McCue,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *L. De Graff,* Assistant Attorney-General, for the State.

WEAVER, J.— The burglary with which the defendant

is charged is the breaking and entering of a building owned by one Lloyd, and stealing a horse hide stored therein.

I.  The claim of appellant that the verdict of the jury is not sustained by the evidence is untenable.  The testimony clearly tends to show that the door of the cellar of the building was closed, though not locked, and that some one in the nighttime opened the door and entered the cellar, and stole the hide therefrom.  The opening of a closed door, and entrance therein for the purpose of larceny, is burglary.  *State v. O'Brien,* 81 Iowa, 93.  The defendant is shown to have had the hide in his possession a short time after the crime was committed, and to have sold it to another person.  His explanation of his possession was contradictory and unreasonable.  He did not claim to have owned the hide or to have had any right to sell it, but professed to have found it in the barn of one Kubick, and, supposing it to belong to a friend of his, had sold it as a joke.  It was for the jury to consider this explanation, and, to say the least, it is not surprising that they found it unsatisfactory.  If the appellant were on trial for the larceny, the possession of the recently stolen goods, without reasonable explanation tending to show it had been otherwise obtained, would have been reasonably sufficient to sustain a verdict of guilty.  This rule is too familiar to require a citation of authorities.

1. BURGLARY: breaking and entering.

It is equally true that, where a larceny has been committed by means of an unlawful breaking and entering, such possession of the goods thus stolen is sufficient to sustain a conviction for the burglary.  See *State v. Brady,* 121 Iowa, 561, and cases there cited.  Under the rule of these precedents, the verdict of the jury has abundant support.  The attempt of appellant to prove an alibi was of a very weak and inconclusive character, and the jury was justified in finding that it was not sufficiently established.

2. EVIDENCE: possession of stolen property.

II.  The further proposition that, as the defendant is

charged with breaking and entering a building, proof of
breaking and entering the cellar is a fatal va-

**3. BREAKING AND ENTERING: variance.**

riance, is without merit. Within the accepted
and legal signification, the word "building"
includes the cellar or basement as completely as it does the
garret. *Mitchell v. Com.,* 88 Ky. 349 (11 S. W. Rep. 209).

III. Complaint is made of the instructions given by
the court as to the effect of the possession of the stolen prop-
erty. While not stated in the same language, the instruc-
tions, in substance, recognize and apply the rule approved
by us in the Brady Case, above mentioned, and are therefore
not erroneous. Of the other instructions criticised, we may
say they announce well-established rules of law in apt lan-
guage, and contain no error to the appellant's prejudice.
The defendant appears to have had a fair trial, and his
guilt to have been clearly established.

The judgment of the district court is therefore *affirmed.*