Eastway v. State, 189 Wis. 56.

---

EASTWAY, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 12, 1925—January 12, 1926.*

*Criminal law: Former jeopardy: Larceny of automobile: Operating car on public highway without owner's consent: Not lesser degree of larceny: When one offense is included in other.*

1. A prosecution for the larceny of an automobile is not a bar to a subsequent prosecution, based on the same act or transaction, for taking, using, and operating the same automobile on a public highway without the owner's consent, in violation of sec. 343.18, Stats. 1925, such offense not being a lesser degree of larceny but a distinct statutory offense.   p. 58.

2. To authorize a conviction for a lesser offense under an information charging a greater, the description of the lesser offense must remain in the information if words describing or distinguishing the greater offense be stricken therefrom.   p. 58.

3. Under an information charging that defendant "did take, steal, and drive away" another's automobile, defendant could not have been convicted of operating a car on a public highway without the owner's consent, in violation of sec. 343.18, Stats. 1925, without an amendment of the information, under sec. 4703, Stats. 1923, by inserting such allegation, and hence defendant was not put in jeopardy as to the latter offense by a prosecution under such information.   p. 59.

ERROR to review a judgment of the municipal court of Milwaukee county: GEORGE SHAUGHNESSY, Judge. *Affirmed.*

For the plaintiff in error the cause was submitted on the brief of *Arthur H. Bartelt* of Milwaukee.

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, and *George A. Burns,* special assistant district attorney, and oral argument by *Mr. Burns.*

OWEN, J.  Plaintiff in error (hereinafter called the defendant) was convicted of taking, using, and operating an automobile upon a public highway of this state, without the consent of the owner, under sec. 343.18, Stats., and brings the judgment here for review upon a writ of error.  His sole assignment of error is that his plea in bar was improperly overruled.  The plea in bar alleged a former prosecution for the crime of larceny of the identical car, which prosecution was based upon the same act or transaction that is the subject of this prosecution.  His claim is that by virtue of the former prosecution he was in jeopardy as to the offense of which he stands convicted in this case.  He claims that the offense of taking and operating the automobile without the consent of the owner is a lesser offense included within the greater offense of larceny.  Upon the overruling of the plea in bar it was stipulated that the testimony taken on the former prosecution be regarded as the evidence in the instant case.  That evidence shows without dispute that on the night of December 15, 1924, the defendant in company with another took an automobile belonging to Frank F. Collath, the complaining witness, at his private garage, without his consent, knowledge, or permission, and that the defendant drove the car upon the streets of the city of Milwaukee.  It was abandoned while being returned to the garage of the owner because a chain became disengaged from the wheel and wound around the brake drum, and the car could not be driven any further.  Defendant was acquitted of the crime of larceny because no intent to permanently deprive the owner of the automobile was proven.  He was then re-arrested upon the present charge.

The information upon which the defendant was first prosecuted charged that defendant "One Hudson coach of the value of $950 and property of Frank F. Collath then and there being found, then and there unlawfully and feloniously did take, steal, and drive away, contrary to the statute in such case made and provided." Sec. 343.18, Stats., under which the present prosecution was commenced, provides: "Any person who shall take, use and operate any automobile, motorcycle, or other similar motor vehicle upon any public highway of this state without the consent of the owner thereof shall, upon conviction thereof, be punished," etc. The crime thus defined by sec. 343.18 is not a lesser degree of the crime of larceny. It is a distinct offense created by statute, and an offense not necessarily included in the crime of larceny. To constitute the offense described by sec. 343.18 it is necessary that the automobile taken without the consent of the owner shall be operated upon a public highway of this state. This is no essential element of the crime of larceny, and this is an element which was not set out in the information filed against the defendant in the larceny prosecution. Even where the offenses are distinct it has been held by this court that where the information filed in a greater offense also describes the lesser offense, a conviction may be had for the lesser offense upon failure of proof constituting the greater offense. *Laev v. State,* 152 Wis. 33, 139 N. W. 416. But in order to authorize a conviction for the lesser offense under an information charging the greater, it is necessary that a description of the lesser offense shall remain in the information if the words describing or distinguishing the greater offense be stricken therefrom. *State v. Shear,* 51 Wis. 460, 8 N. W. 287.

In the prosecution for larceny the State failed to prove the intent to steal or to permanently deprive the owner of his property. With the words charging the intent to steal stricken from the information, did it leave a description of

the offense of which the defendant was convicted in this case? A necessary element of the offense of which defendant stands convicted is that he operated the car upon a public highway of this state. The information filed in the larceny case contained no such allegation. Upon the information as filed the defendant could not have been convicted of the offense denounced by sec. 343.18. It is useless to inquire whether the information might not have been amended under sec. 4703, Stats. (*Hess v. State,* 174 Wis. 96, 181 N. W. 725), because the information was not so amended, and the defendant could not have been convicted of the lesser offense in that prosecution without such an amendment. We may say that we see no reason why he could not have been convicted in that case of this lesser offense had the information charged that he drove the car away upon a public highway of this state, and it would seem proper practice, when district attorneys are in doubt as to whether the proof will establish the offense of larceny, to so draw their informations as to authorize a conviction for taking and using without the consent of the owner. However, in view of the fact that the information in the prosecution for larceny did not so charge, the defendant could not have been convicted of the offense of which he was convicted in this prosecution. It follows that he was in no jeopardy as to this offense in the former case, and that the plea in bar interposed in this case was properly overruled.

*By the Court.*—Judgment affirmed.