STATE OF IOWA, Appellee, v. E. W. VOELPEL, Appellant.

No. 39456.

SEPTEMBER 24, 1929.

*Davis, McLaughlin & Hise, John E. Purcell,* and *Wolfe, Wolfe & Claussen,* for appellant.

*John Fletcher,* Attorney-general, *L. F. Sutton, M. L. Sutton,* County Attorney, and *E. O. Work,* for appellee.

FAVILLE, J.—I.  On the 6th day of December, 1927, the appellant, accompanied by a woman companion, was driving an automobile in an easterly direction upon the Lincoln Highway in Clinton County.  He overtook an automobile  traveling in the same direction, in which one Mrs. L. P. Daniels was riding, and collided with said car, striking it in the rear, with the result

that the Daniels car was thrown into the ditch, and injuries were inflicted upon Mrs. Daniels from which she died. The State charged that the appellant was guilty of gross negligence in the operation of his car, that he was driving the same at an excessive rate of speed, and that the appellant was operating said car while intoxicated. On cross-examination, the appellant testified: "I have been convicted of a felony." In submitting the cause to the jury, the court gave the following instruction:

"The defendant, upon cross-examination, admitted that he had been convicted of a felony. A felony is an offense against the laws of the state, punishable by imprisonment in the penitentiary. The sole purpose and object of asking that question was to affect his credibility as a witness. *The law presumes that a person who has so little regard for law that he will commit a felony is less worthy of belief under oath than a citizen who is law-abiding.* You may consider that fact with the other facts in the case affecting his credibility, and give his testimony such credit as you deem it to merit."

Error is predicated upon the giving of the portion of the instruction which is in italics.

Section 13890, Code of 1927, is as follows:

"Defendants in all criminal proceedings shall be competent witnesses in their own behalf, but cannot be called as witnesses by the State."

Code Section 13892 provides:

"When the defendant testifies in his own behalf, he shall be subject to cross-examination as an ordinary witness, but the State shall be strictly confined therein to the matters testified to in the examination in chief."

It is the well established rule in this state that, when a defendant in a criminal action is a witness in his own behalf, he stands upon the same footing as any other witness, in so far as  his memory, history, motives, or matters affecting his credibility are concerned. *State v. Red*, 53 Iowa 69; *State v. Watson*, 102 Iowa 651; *State v. Chingren*, 105 Iowa 169; *State v. Kuhn*,

117 Iowa 216; *State v. Wasson*, 126 Iowa 320; *State v. Brandenberger*, 151 Iowa 197; *State v. McCumber*, 202 Iowa 1382.

Code Section 11270 is as follows:

"A witness may be interrogated as to his previous conviction for a felony. No other proof is competent, except the record thereof."

This section is applicable to any witness, in either a civil or a criminal case, including a defendant who appears in his own behalf. See *Hackett v. Freeman & Graves*, 103 Iowa 296; *Palmer v. Cedar Rapids & M. R. Co.*, 113 Iowa 442; *State v. Carter*, 121 Iowa 135; *State v. Loser*, 132 Iowa 419; *State v. Foxton*, 166 Iowa 181; *State v. Concord*, 172 Iowa 467; *State v. Gilliland*, 187 Iowa 794.

The evidence disclosing that the appellant had been previously convicted of a felony, the question at this point is: What is the legal effect of the proof of such previous conviction?

The court instructed the jury that *the law presumes* that a person who has so little regard for law that he will commit a felony is less worthy of belief under oath than a citizen who is law-abiding.

There has been a distinct evolution in the law from the time of the complete disqualification of a person as a witness, who had been convicted of a crime. An interesting discussion of the subject is to be found in 1 Wigmore on Evidence (2d Ed.), Section 519. We are *not* confronted with the question of whether the previous conviction of a witness must be of "an infamous crime" or one "involving moral turpitude." By statute, the proof may be only of "previous conviction for *a felony*." This is one of the methods of impeachment of a witness. It may be true that, in ancient times, and under the common law, a witness who had been previously convicted of an "infamous crime" was not permitted to testify at all. However, the law is now more logical and rational in this regard. An innocent person is not to be deprived of the evidence of a material witness who may testify in his behalf because of the fact that the witness has been previously convicted of crime. Evidence of previous conviction of a felony is admissible, under the statute, as affecting the credibility of the witness. The law, however, does not raise the *"presumption,"* as a matter of law, that a person who has previously been con-

1052

victed of a felony is "less worthy of belief under oath than a citizen who is law-abiding." The jury should consider the evidence that the witness had been previously convicted of a felony, in determining the credibility of the witness and the weight to be given his testimony. The jury should be instructed to this effect. See *State v. Gilliland*, 187 Iowa 794, 798, 799.

It is the well established rule in this state that every witness is presumed in the outset to tell the truth. *Walter v. C. D. & M. R. Co.*, 39 Iowa 33, 38; *State v. Ormiston*, 66 Iowa 143, 152; *Windahl v. Hasselman*, 198 Iowa 1001. When such a presumption is sought to be overcome by any of the recognized methods of impeachment,—as, for example, by proving previous contradictory statements or acts, or a bad reputation for truth and veracity, or previous conviction of a felony,—it is for the jury to determine, from all the facts and circumstances, the credibility that shall be given to the witness. But, so far as we have been able to ascertain, no court of last resort and no text-writer have ever declared that *the law "presumes"* that a person who has been convicted of a felony is impeached *ipso facto*. The fact of the previous conviction is a circumstance, like the fact of a bad reputation for truth and veracity, which may properly be considered by the jury in testing the credibility of a witness. It is a generally recognized rule that "presumptions of law" are "conclusions and inferences which the law draws from given facts." As bearing on the question, see *Dyer v. State*, 6 Ga. App. 390 (65 S. E. 42). A *"presumption of law"* establishes a certainty, or, in other words, it is generally synonymous with "conclusively presumed." See *State v. Hoshaw*, 89 Minn. 307 (94 N. E. 873) ; *State v. Ivey*, 196 Iowa 270.

In the instant case, if "the law presumes" that appellant was impeached by reason of the fact of a previous conviction of a felony, such legal presumption would necessarily be "conclusive." The fact of such previous conviction could not be rebutted.

The instruction was erroneous. That it was prejudicial is obvious.

II. Other errors urged pertain chiefly to such matters as the introduction of evidence, the striking of certain testimony from the record and withdrawing the same from the consideration of the jury, and the overruling of challenges to jurors. Such

alleged errors are without merit, or are not likely to occur upon a retrial of the case. In view of a possible retrial, we refrain from commenting upon the evidence in the case. For the error pointed out, the judgment of the district court must be, and it is,—*Reversed.*

All the justices concur.