STATE OF IOWA, Appellee, v. E. J. SWEETMAN, Appellant.

No. 43023.

NOVEMBER 19, 1935.

Ted Sloane, for appellant.

Edward L. O'Connor, Attorney General, Walter F. Maley, Assistant Attorney General, Carl A. Burkman, County Attorney, and Francis J. Kuble, Assistant County Attorney, for appellee.

PARSONS, J.—The defendant, E. J. Sweetman, was indicted by the grand jury of Polk county for larceny of a motor vehicle, as defined by section 13011. The car was a Chevrolet coach and the property of H. C. Hoskins, and in the possession and custody of Mrs. H. C. Hoskins. The defendant entered a plea of "not guilty".

The jury panel was not drawn in the presence of the defendant, but was sent in from another room, and objection thereto was made for that reason. The objection was overruled and defendant excepted. The jury having been selected and sworn, the trial was begun and the state put in its evidence. From that evidence the following facts are to be found:

The car was a Chevrolet coach, license No. 77-11716, motor No. 3732644. Mrs. Hoskins took the car the morning of November 2, 1934, to a parking station at Ninth and High streets, and went for it about 3:30 p. m., and the car was gone. The next time the Hoskinses saw the car was December 27th, and it had been driven about 2,700 more miles and was damaged, and the license plates were gone. No permission had been given by the Hoskinses for any one to take the car. December 25th, at about 1:15 a. m., a policeman, Cessna, saw the car parked along the curb at Fourteenth and Crocker streets, having on license plates No. 77-26839, from another car, which he had twice seen defendant driving. Sweetman and Frances Finn were walking near the place where the car was found. Cessna searched Sweetman, who had some keys in his hand, which he passed to Frances Finn, and she threw them away; and Cessna picked up the keys and found them to be the keys to the Hoskins car. There were three quarts of alcohol in the car and a quart bottle half full of alcohol in Sweetman's pocket. An examination of the car disclosed the fingerprint of Sweetman on the glass in the right front door of the car. Experts testified that the fingerprint was from the left index finger of Sweetman.

When the state rested, the defendant made a motion for a directed verdict, the substance of which was that there was not enough evidence to convict, which motion was overruled. The defendant then rested, and renewed his motion, meeting the same ruling. The case was submitted to the jury, and on the 29th of January, it returned a verdict of "guilty", and on February 4, 1935, the defendant was sentenced to the penitentiary at Fort Madison for ten years. The defendant appealed.

█▌▌ As to the errors complained of, the first is as to the selection of the jury. It will be borne in mind that in Polk county there are six district judges, one ordinarily being assigned to equity, leaving five who may be engaged in the trial of jury cases, and we can easily see how there can be five cases running with juries in the box at one time, for so the practice has grown up in that county. That one of the judges engaged in drawing the jury to the proper number of jurors might send them in to another court is not unlikely. That such practice is legal has been determined by this court in State v. McHenry, 207 Iowa 760, 223 N. W. 535, and so fully decided in that case, which was an indictment for possession of burglar tools. The

McHenry case decides that substantial compliance with the statute (Code 1931, sections 11477, 11478), is all that is necessary. There is no showing anything was done when the poll was taken, that is, anything improper. All the defendant is entitled to is a fair and impartial trial by a jury of twelve. He is given the statutory right of peremptory challenge. The record didn't show that he exercised any right of peremptory challenge. So he must have been satisfied that he had a fair and impartial jury when it was accepted. All these matters in the cited case were discussed and it is on all fours with this case.

██ The evidence as set out and introduced in this case was sufficient to permit the jury to find that the stolen automobile was in the possession of the defendant. An inference may arise therefrom that the defendant was the one who did the stealing. This inference arising from the possession of recently stolen property may be considered with all other evidence, as well as lack thereof, and the jury may acquit if it is not satisfied beyond a reasonable doubt of the defendant's participation in the crime. State v. Smith, 207 Iowa 1345, 224 N. W. 594. In State v. Bige, 198 Iowa 573, 198 N. W. 510, it was held that it could very properly be said in an instruction that if the stolen property was in the joint possession of the defendant and others for the use and benefit of the defendant and the others, then the presumption of possession arises.

In State v. Clark, 145 Iowa 731, 122 N. W. 957, the court instructed the jury that if such unexplained possession was proved beyond a reasonable doubt "you would be justified under the law in presuming that such possession was a guilty possession on the part of the defendant." This instruction was approved, although the case was reversed on other grounds.

State v. Blake, 208 Iowa 995, 221 N. W. 569, was a prosecution for stealing from a storehouse twenty sacks of sugar. The jury was instructed that if the fact of possession was established they had the right to infer from such possession that the defendant participated in the larceny. This instruction was approved.

In fact, after an examination of all the cases dealing with this subject, it may be stated generally, not only as to larceny, but as to other crimes, that where one is found in the possession of property which is the fruit of a crime recently committed the jury may infer from such possession the guilt of the defendant. However, it will be presumed that the instructions were cor-

rect, in the absence of any showing of what the instructions were. None are contained in the abstract, and none of them are before us.

Some objections have been made to the introduction of testimony of the experts in regard to the fingerprints. We have examined these objections carefully and the record as to the introduction, and we find no error anywhere in the rulings of the court, so this disposes of all the questions in the case which it is necessary to consider. The decision of the lower court, therefore, is affirmed.—Affirmed.

KINTZINGER, C. J., and MITCHELL, DONEGAN, POWERS, ALBERT, RICHARDS, and ANDERSON, JJ., concur.