**STATE of Iowa, Appellee,**

v.

**Jerry Joe EVERETT, Appellant.**

No. 52203.

Supreme Court of Iowa.

March 5, 1968.

Rehearing Denied June 10, 1968.

L. M. Hullinger, and Margaret L. Beckley, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Jack M. Fulton, Linn County Atty., for appellee.

STUART, Justice.

Jerry Joe Everett was charged on a county attorney's information in Linn County with the crime of larceny of a motor vehicle in violation of section 321.82, 1962 Code of Iowa. He was tried and convicted. He has appealed from the judgment of the trial court sentencing him to the state reformatory for an indeterminate period not to exceed ten years.

I. The first error assigned challenges the sufficiency of the evidence to support a conviction. Under such contention, we consider the evidence in the light most favorable to the state. State v. Frink, 255 Iowa 59, 64, 120 N.W.2d 432, 435; State v. Jackson, 251 Iowa 537, 541, 101 N.W.2d 731, 733.

As a witness for the state, Donald Good testified he operated a used car business in Cedar Rapids. On October 18, 1965 he owned a yellow and white 1955 four door Belair Chevrolet with green interior and bearing Kentucky license plates. It was on his used car lot. No other person had authority to allow anyone to take automobiles from the lot. He did not give defendant permission to drive this car. The keys to the car were in the office that evening and were still there the next morning, however the car could be started without a key. About midnight on the same date the police department informed him they had this car. His employee Greg Connor picked it up at the police station the next day and returned it to the lot.

Two police officers working as a team in an unmarked squad car testified they saw the above described automobile on the Cedar Rapids streets about 8:30 p.m. on October 18, 1965. It was later observed behind a tavern on First Street, N.E. About an hour later one person got into the car and drove it away. The officers followed it and on one occasion were close enough to identify the driver as Jerry Joe Everett. He stopped at another tavern and transferred some articles from the car to a station wagon. He was subsequently observed driving the car toward downtown Cedar Rapids at a high rate of speed. The patrolmen called for assistance after observing a traffic signal violation. The automobile was stopped by four other officers.

After defendant's motion for directed verdict was overruled, he testified in his own behalf. He recounted his activities that evening and admitted he was driving the car during the time and at the places

testified to by the officers. He claimed he had borrowed it from Smiley Burns, a bar tender, and was returning from an errand for Burns when he was stopped.

Two of the officers who stopped defendant testified in rebuttal. Their observation of defendant's conduct at that time caused them to believe he had been drinking. They decided to take him to the police station for a sobriety test. Defendant first refused the officers permission to move the car out of the lane of traffic. Officer Ralston testified: "We informed him that he could give us permission to move the car or we would have to have it towed out of the lane of traffic. He then told us that he would like to have the car taken to Good's used car lot. * * * he stated that he had gotten the car from a salesman at Good's car lot."

On sur-rebuttal defendant denied having made such statements.

■ Defendant challenged the sufficiency of the evidence by a motion to direct a verdict at the close of the state's evidence, motion for directed verdict at the close of all evidence and by motion for new trial. We will consider all of the evidence as it is not reversible error for the trial court to refuse to direct a verdict at the close of state's evidence. State v. Mabbitt, 257 Iowa 1063, 1065, 135 N.W.2d 525, 527; State v. Kulow, 255 Iowa 789, 793, 123 N.W.2d 872, 875; State v. McLaughlin, 250 Iowa 435, 439, 94 N.W.2d 303, 305.

■ The verdict of the jury is binding upon us unless it is without substantial support in the record or is clearly against the weight of the evidence. State v. Frink, 255 Iowa 59, 64, 120 N.W.2d 432, 435.

■ Defendant argues there is no evidence he took the car with intent to keep it and wrongfully convert it to his own use. State's evidence disclosed defendant did not own the automobile. It was taken from the owner's premises without his consent. Defendant was apprehended driving the automobile on the streets of Cedar Rapids the same evening. The unexplained possession of recently stolen property justifies an inference of guilt of the possessor. State v. Girdler, 251 Iowa 868, 873, 102 N.W.2d 877, 879. Defendant argues his explanation of his possession of the car and the fact that he made no attempt to conceal it prove he had no intent to steal. This is a jury argument. It is the province of the jury to pass upon defendant's explanation of his possession of the recently stolen automobile. State v. Prentice, 192 Iowa 207, 214, 183 N.W. 411. There was sufficient evidence to generate a jury question on defendant's guilt of the crime charged. State v. Register, 253 Iowa 495, 498, 112 N.W.2d 648, 649; State v. Jackson, 251 Iowa 537, 545, 101 N.W.2d 731, 736; State v. Girdler, supra; State v. Sweetman, 220 Iowa 847, 849, 263 N.W. 518, 519; State v. Prentice, supra.

II. Defendant claims his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated when the police were permitted to testify on rebuttal as to statements made by defendant when at the scene of his arrest for a traffic violation to the effect that the car should be returned to Good's lot and that he had been given permission to drive it. At that time he had not been advised of his right to counsel or right to remain silent.

■ The trial took place in January, 1966 prior to the opinion in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966) which set forth certain rules to be observed in custodial police interrogations. The opinion was not applied retroactively by the Supreme Court. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882. We have also declined to do so. State v. Hardesty, Iowa, 153 N.W.2d 464, 469; State v. Kulish, 260 Iowa 138, 148 N.W.2d 428, 434; State v. Rye, 260 Iowa 146, 148 N.W.2d 632, 638; State v. Allison, 260 Iowa 176, 147 N.W.2d 910, 912.

■ There was no violation of defendant's constitutional rights as interpreted prior to Miranda. State v. Myers, 258 Iowa 940, 943, 140 N.W.2d 891, 893; State v. Fox, 257 Iowa 174, 178, 131 N.W.2d 684, 686. We do not mean to suggest the facts here show a violation of the Miranda rules. The statements were made as a part of the res gestae at the time defendant was under arrest for a traffic violation. Statements made under such circumstances are not rendered inadmissible because defendant had not received the Miranda warnings. Hill v. State, Tex.Cr.App., 420 S.W.2d 408; Morris v. State, 157 Tex.Cr.R. 14, 246 S.W.2d 184. Police were not then conducting an in-custody interrogation.

■ III. On cross-examination defendant was asked if he had ever been convicted of a felony. He answered in the affirmative. By exception to instruction and in his motion for new trial, defendant raised constitutional objections to this procedure claiming it deprived him of due process of law and a fair and impartial trial guaranteed him under the Fifth and Fourteenth Amendments to the United States Constitution. He relies primarily on Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, in which the Supreme Court held comment on defendant's failure to testify violated the Self-Incrimination Clause of the Fifth Amendment.

"It is a well established rule in this state that, when a defendant in a criminal case is a witness in his own behalf, he stands upon the same footing as any other witness, in so far as his memory, history, motives or matters affecting his credibility are concerned." State v. Voelpel, 208 Iowa 1049, 1050, 226 N.W. 770, 771; State v. Allnutt, Iowa, 156 N.W.2d 266, filed Feb. 6, 1968; Gaskill v. Gahman, 255 Iowa 891, 896, 124 N.W.2d 533; State v. Haffa, 246 Iowa 1275, 1283, 71 N.W.2d 35, 40.

Section 622.17, Code of Iowa provides: "A witness may be interrogated as to his previous conviction for a felony. * * *" We have long held a defendant who takes the stand in his own behalf may be asked if he has been convicted of a felony in an attempt to impeach him. State v. O'Brien, 81 Iowa 93, 96, 46 N.W. 861; State v. Hardesty, Iowa, 153 N.W.2d 464, 469; State v. Frink, 255 Iowa 59, 68, 120 N.W.2d 432, 438. Unless this procedure has been made unconstitutional by Griffin v. California, supra, no error was committed here.

We do not believe anything said in Griffin indicates such procedure to be unconstitutional. There trial court instructed and state's attorney commented on defendant's failure to testify in his own behalf. Comment on defendant's failure to take the stand imposes a penalty on the exercising of his constitutional protection from self-incrimination. "It cuts down on the privilege by making its assertion costly." Griffin v. California, supra, 380 U.S. loc. cit. 614, 85 S.Ct. loc. cit. 1233. Here defendant, because he is a defendant, asks to be treated differently from any other witness. We do not believe he is entitled to special treatment. His credibility may be tested in the same manner as that of any other witness. We do not believe such inquiry violates defendant's right to due process or deprives him of a fair trial.

In Griffin, the Supreme Court by quoting from People v. Modesto, 62 A.C. 452, 468–469, recognized defendants can be impeached by asking about prior conviction of a felony. The opinion states fear of prejudicing a jury by such testimony may be a reason for defendant's refusal to take the stand. This example was used as support for the conclusion that an inference of guilt is not always the "natural or irresistable" inference from defendant's failure to testify. There was no suggestion that such procedure might be prohibited by the constitution.

■ IV. The trial court ruled on defendant's motion for new trial, in arrest of judgment, for acquittal and exception to instructions without a hearing. Defendant claims this procedure violated section 777.-19, Code of Iowa, which requires defendant

to be personally present "at the trial" on a felony charge. He also claims he was thus deprived of his constitutional right to due process of law and a fair and impartial trial.

This contention was not made in the trial court and it was given no opportunity to pass upon it. Matters not urged before the trial court, including constitutional questions, cannot ordinarily be raised for the first time on appeal. State v. Wallace, Iowa, 152 N.W.2d 266, 268; State v. Jones, 253 Iowa 829, 834, 113 N.W.2d 303, 306.

In any event, defendant was not prejudiced as the trial court's ruling on the motion in question has been herein affirmed after full review.

■ V. Defendant claims the court erred in refusing to submit section 321.76, Code of Iowa as an included offense under a charge of violating section 321.82 as required by section 785.6 which provides: "In all other cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment."

"We have repeatedly held that reversible error will not appear because of failure to submit included offenses unless two elements concur: (1) the claimed included offense must be necessarily included in the offense charged; and (2) the record must contain evidence justifying a finding of such included offense rather than of a higher offense." State v. Leedom, 247 Iowa 911, 917, 76 N.W.2d 773, 777; State v. Meyers, 256 Iowa 801, 804, 129 N.W.2d 88, 90; State v. McCall, 245 Iowa 991, 997, 63 N.W.2d 874, 877; State v. Johnson, 221 Iowa 8, 11, 12, 264 N.W. 596, 598, 267 N.W. 91. We must separate the "abstract question of what is an included offense" from "the question of when included offenses should, under the evidence in the case, be submitted". State v. Hoaglin, 207 Iowa 744, 754, 223 N.W. 548, 552; State v. McCall, 245 Iowa 991, 997, 998, 63 N.W.2d 874, 878.

Defendant was charged by county attorney's information with the crime of larceny of a motor vehicle in violation of section 321.82 Code of Iowa in that defendant "did willfully, unlawfully and feloniously take, steal and carry away a certain motor vehicle * * *". The statute prescribes punishment of not more than ten years in the penitentiary.

Section 321.76 which is urged as an included offense provides: "If any * * * person shall without the consent of the owner take * * * any * * * motor vehicle, and operate or drive * * * the same * * *, he shall be imprisoned in the penitentiary not to exceed one year * * *."

■ After the jury determined defendant took the car, it was then required to determine his intention. In order to convict defendant of the crime charged it had to find he intended to permanently appropriate the car to his own use at the time he took it. If he did not so intend he could have been found guilty of violating section 321.76. Thus, the evidence here was sufficient to support a conviction of either offense and the second element of an included offense was fully satisfied. If the lesser offense is *necessarily* included in the corpus delicti of the charge in the indictment, it should have been submitted as an included offense. The trial court found it was not necessarily included and we agree.

In State v. Marshall, 206 Iowa 373, 375, 220 N.W. 106, we said:

"As to just what is an 'included offense' the authorities seem fairly clear.

"Every crime charged consists of certain specific elements, and if, from the elements of the crime charged, certain elements thereof may be taken, thereby leaving the necessary elements of another crime, the latter would be an included offense. Or, to state it another way, if certain elements are necessary to a criminal charge, and these elements, plus certain other elements,

make the necessary elements of a higher crime, then the lower crime is included in the higher one. * * * Or, to state it still another way, where the minor offense is necessarily an elementary part of the greater, then the minor offense is included in the greater."

The rule appears to be that followed generally. C.J.S. expresses it thus:

"Within this rule (double jeopardy), the test of a necessarily included offense is that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense; and if, in the commission of acts made unlawful by one statute, the offender must always violate another, the one offense is necessarily included in the other.

"If all of the elements of a given offense are to be found in another offense, the former is necessarily included in the latter. Before a lesser offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense; so, if an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense." 22 C.J.S. Criminal Law § 283, pages 737–738.

■ Section 321.82 provides punishment for larceny of a motor vehicle. The necessary elements to prove the corpus delicti are those of larceny plus the requirement that the property so taken be a motor vehicle.

The gist of section 321.76 is the operation of a motor vehicle without the owner's consent by defendant or by someone he caused to operate it.

As an abstract proposition, it would be possible for a motor vehicle to be taken, stolen and carried away without anyone getting in it or operating it. It could be lifted onto a truck with a crane or hauled away by a wrecker. Proof of the operation of the car which is an essential element of section 321.76 would in such instances be irrelevant.

"The language of the statute 'necessarily included' in the offense charged, is explicit and its meaning clear. It is not enough that the evidence in some cases or in most cases would be sufficient to include the lesser offense." State v. McCall, 245 Iowa 991, 998, 63 N.W.2d 874, 878.

■ If a lesser related offense contains elements which are different from those required to prove a greater related offense, the lesser offense is not a "necessarily included offense" even though the evidence in the case would amply support a conviction of either. State v. Meyers, 256 Iowa 801, 804, 129 N.W.2d 88, 90; State v. McCall, supra, 245 Iowa loc. cit. 1000, 63 N.W. 2d loc. cit. 879. Such is the case here.

We find no reversible error and the trial court is therefore affirmed.

Affirmed.

GARFIELD, C. J., and LARSON, SNELL and MASON, JJ., concur.

LeGRAND, MOORE, RAWLINGS and BECKER, JJ., dissent.

LeGRAND, Justice (dissenting).

I must dissent from Division V of the majority opinion because it is my view defendant was entitled to have the jury consider his guilt under section 321.76 as an included offense.

The majority opinion sets out the important portions of both section 321.82 (larceny of a motor vehicle) and section 321.76 (operating a motor vehicle without the owner's consent). Each requires the unauthorized taking of a motor vehicle; each requires an asportation; and each requires criminal intent. The elements of the two offenses are identical except as to the na-

ture of this criminal intent. Under section 321.82 it must be an intent to permanently deprive the owner of his car; under section 321.76 the wrongdoer intends to return the vehicle after a temporary detention thereof. As we held in State v. Drummer, 254 Iowa 324, 117 N.W.2d 505, when one wrongfully takes another's motor vehicle, even though he expects to return it, there is nevertheless a criminal intent.

The majority says there can be no included offense because the *method* of asportation is not necessarily the same. Under the one statute the car *must* be driven and under the other it merely *may* be driven.

If this is a worthwhile distinction at all, it is one which should be settled by the evidence in each case rather than by the course the majority has chosen here.

Under authorities cited by the majority the principal crime charged in an indictment embraces a lesser offense if the one is necessarily included within the other and the evidence would justify a jury in finding either. The opinion quotes from State v. Marshall, 206 Iowa 373, 375, 220 N.W. 106, where we posed this proposition in several ways. No matter which of the formulas there set out is used, I find the situation here fits. The indictment charges generally a violation of section 321.82 in terms which, under the evidence, would have permitted the jury to find a violation of either that section or section 321.76.

It is no answer to say defendant "could have" taken the car in some manner other than by driving it away. Of course he could. However, the indictment does not charge that he did nor does the evidence show that he did. If the indictment did so charge, then *under this evidence* there could be no included offense. If the evidence did so show, then *under this indictment* there could be no included offense. But here *both* the indictment and the evidence sustain defendant's position. The indictment is couched in language which does not exclude the taking of the car by driving; the evidence is without dispute that it was taken by driving.

If the State wished to eliminate driving as a means of taking and to rely on some alternative method—although the example used by the majority is so unlikely that it has probably never until now occurred to a car thief—it should say so. The State chooses the charge and when it does so in general language, and when the evidence fairly falls within such language to show conduct which could be either of two violations, then defendant is entitled to have both submitted to the jury. That is what we have here.

Take away the larcenous intent required under 321.82, and all the elements of a violation of 321.76 are present. It is the *evidence,* not the *indictment or information,* which tells *how* these elements are present. I find nothing in the authorities cited by the majority to conflict with this.

I acknowledge that some other jurisdictions agree with the majority. For example see Eastway v. State, 189 Wis. 56, 206 N.W. 879; People v. Thomas, 21 Cal.Rptr. 161, 373 P.2d 97, and Tillman v. State, Okl. Cr.App., 169 P.2d 223. I prefer State v. Eyle, Or., 388 P.2d 110 as the better and more logical rule.

For these reasons I would hold defendant is entitled to a new trial.

MOORE, RAWLINGS and BECKER, JJ., join in this dissent.