STATE of Iowa, Appellee,

v.

Douglas ROSEWALL and Jeffrey Rosewall, Appellants.

No. 57905.

Supreme Court of Iowa.

Feb. 18, 1976.

Michael G. Shepherd, West Des Moines, for appellants.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., Ray A. Fenton, County Atty., and Frank Sarcone, Asst. County Atty., Des Moines, for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES, and HARRIS, JJ.

HARRIS, Justice.

Douglas and Jeffrey Rosewall (defendants) were jointly tried for the crime of larceny of a motor vehicle in violation of § 321.82, The Code. They bring this appeal from their convictions of the lesser included offense of operating a motor vehicle without the consent of the owner in violation of § 321.76, The Code. We affirm the trial court.

A Des Moines police officer noticed a car driven by defendant Douglas Rosewall pass him with a motorcycle in its trunk. He lost sight of the car as it turned a corner but soon saw the car parked behind a quick stop grocery store. The motorcycle was then about two feet from the rear of the car. Defendants were standing beside the car and cycle.

There were fresh scratches on the side of the car and on the motorcycle. Gasoline had been spilled in the trunk of the car. There was no key in the ignition of the motorcycle. The front end of the cycle was not locked. Defendants told the officer they knew the owner of the cycle and were picking it up for him.

A second police officer talked by phone to Ivan D. Lynn, the owner of the cycle. Until being advised his cycle was stolen Lynn thought it to be in his front yard. Lynn knew the defendants but had not given them permission to have his motorcycle. Lynn signed a report the motorcycle had been stolen.

However he did concede at trial he had twice mentioned, jokingly, in the presence of defendants how he would like to have someone steal his motorcycle so he could collect the insurance. Defendants called several witnesses who testified of statements by Lynn that he wanted his cycle stolen so he could collect insurance.

I. Defendants first claim the trial court erred in overruling their motions for directed verdict entered at the close of State's evidence and again at the close of all evidence.

█ The grounds urged in the motions for directed verdict set the limits for our review of any action by a trial court in overruling them. No ground may be urged on appeal in support of a motion for directed verdict which was not urged as part of the motion when made in trial court. We have explained the basis for the rule in a number of cases as a mere application of the broader principle that an appellant may not urge to us a contention he did not first raise in trial court. *Jacobson v. Benson Motors, Inc.*, 216 N.W.2d 396, 405 (Iowa 1974); *Miller v. Young*, 168 N.W.2d 45, 50 (Iowa 1969).

█ Three grounds were urged in the motion. One asserted the State failed to connect defendant *Jeffrey* Rosewall with any crime. This ground was not urged on appeal and hence is abandoned. *Goolsby v. Derby*, 189 N.W.2d 909, 917 (Iowa 1971). The other grounds urged to the trial court as basis for motions for directed verdict were:

(1) the State failed to show a "taking or carrying or stealing of this motorcycle", and

(2) the motorcycle supposedly seen in defendants' car was not shown to be the stolen cycle found next to their car at the store parking lot.

█ We think the trial court was right in overruling the motions on either ground.

"This court has consistently held, where an accused moves for a directed verdict the evidence must be viewed in a light most favorable to the State and the case should be submitted to the jury if there is any evidence reasonably tending to support the charge. (Authority).

"It is equally well settled, when an accused challenges sufficiency of the evidence to sustain a guilty verdict the evidence is again viewed most favorably to the State, and the court accepts as established all reasonable inferences tending to support the jury action. Furthermore, only the supporting evidence need be considered, whether contradicted or not. (Authorities)." *State v. Menke*, 227 N.W.2d 184, 188 (Iowa 1975).

█ II. Defendants admitted their possession of the motorcycle in question when apprehended by the officer. The owner testified it had recently been stolen. Accordingly the State was entitled the benefit of an inference of guilt.

In *State v. Everett*, 157 N.W.2d 144 (Iowa 1968) a defendant had been convicted of larceny of a motor vehicle. In that case a car was found missing from a used car lot, and Everett was later observed driving the same car. Everett claimed the car had been borrowed from an acquaintance. On appeal Everett contended the trial court had erred in overruling his motions for directed verdict. He specifically contended there had been no evidence of intent to keep the car. We noted:

" * * * The unexplained possession of recently stolen property justifies an inference of guilt of the possessor. *State v. Girdler*, 251 Iowa 868, 873, 102 N.W.2d 877, 879. Defendant argues his explanation of his possession of the car and the fact that

he made no attempt to conceal it prove he had no intent to steal. This is a jury argument. It is the province of the jury to pass upon defendant's explanation of his possession of the recently stolen automobile. *State v. Prentice*, 192 Iowa 207, 214, 183 N.W. 411. There was sufficient evidence to generate a jury question on defendant's guilt of the crime charged. (Authorities)." 157 N.W.2d at 146.

The above quoted holding in *Everett* was unaffected by our opinion in *State v. Hawkins*, 203 N.W.2d 555, 557 (Iowa 1973) in which another holding in *Everett* was overruled.

Under our holding in *Everett* the admitted possession by defendants of the recently stolen motorcycle creates an inference barring a motion for directed verdict. The inference is not limited to any particular element of larceny. When it arises guilt of the crime of larceny is inferred. *Everett,* supra; *State v. Brightman*, 252 Iowa 1278, 110 N.W.2d 315 (1961); 52A C.J.S., Larceny, § 105, pp. 586–592.

Defendants here challenge only the "taking" element of the larceny charge. Under the facts of this case, even without benefit of the inference, this challenge is without merit. Defendants were observed with the motorcycle in their car trunk. They were shortly seen standing by their trunk with the stolen motorcycle. There was spilled gasoline in the trunk. There were fresh scratches on both the motorcycle and the rear of the car. One of the defendants called the owner after police had stopped them. The owner testified without objection defendant then said to him "they had just *taken* my motorcycle and that they had been caught with it." (Emphasis added.)

The trial court was correct in overruling defendants' motions for directed verdict.

III. Defendants separately challenge the propriety of the trial court's instructions which submitted the lesser included offense of which they were convicted. The difficulty with defendants' position lies in the fact they seemed willing, perhaps anxious, at trial to have the lesser included offense submitted to the jury. Often submission of a lesser included offense is sought by a criminal defendant for reasons of trial strategy. 59 Iowa L.Rev. 684 (1974). Until verdict defendants apparently felt this was such a case.

■ Under our cases a lesser included offense is appropriate for submission when (1) the elements of the lesser offense are an elementary part of the greater offense (the legal test) and (2) there is a factual basis in the record for submitting the included offense to the jury (the factual test). *State v. Smith*, 223 N.W.2d 223, 225 (Iowa 1974); *State v. Habhab*, 209 N.W.2d 73, 74–75 (Iowa 1973); *State v. Hawkins*, 203 N.W.2d 555 (Iowa 1973).

■ The elements of operating a motor vehicle without consent under § 321.76, The Code, are five: (1) wrongful taking away from any place and (2) *the operation or driving (asportation)* of (3) the motor vehicle of another (4) with felonious intent and (5) without the owner's consent. *In re Champion*, 221 N.W.2d 773, 774 (Iowa 1974).

■ A difficulty lies in the absence of evidence of "operating" the stolen motorcycle by defendants. This absence impels defendants now to argue the insufficiency of the second, or factual, basis required for submitting an included offense to the jury.

It was not until defendants' motion for a new trial that they chose to urge the second (asportation) factual element was not supported in the record. The trial court submitted its instructions, with a definition and proposal for submission of the lesser included offense, to counsel. Prior to their being read to the jury the following record was made:

"THE COURT: Let the record show this record is being made out of the presence of the jury, that the defendants are both present, represented by their attorney, Mr. Shepherd. The plaintiff, State of Iowa, is represented by County Attorney Frank Sarcone.

"That the Court has supplied both the plaintiff and defendant with copies of the proposed instructions and we are now at this point in the trial process where record should be made relative to the instructions.

"First of all, for the plaintiff, State of Iowa, Mr. Sarcone, do you have any objections to, exceptions to, or requested instructions?

"MR. SARCONE: No, Your Honor.

"THE COURT: Mr. Shepherd do you have any exceptions to or requested instructions?

"MR. SHEPHERD: No, Your Honor. We have none."

Under this record defendants waived the error they now urge.

"The general rule is that failure of a defendant in a criminal case to make objections to instructions under rule 196, Rules of Civil Procedure (i. e., before they are submitted in final form to the jury), does not preclude defendant from making objections thereto in a motion for new trial under § 787.3, The Code, subject to the two exceptions noted in *State v. Brown*, 172 N.W.2d 152, 157 (Iowa 1969). (Additional authorities.)

"The general rule above referred to is subject to the foregoing significant exceptions. One of the exceptions is that the right to attack instructions in a motion for new trial under § 787.3(5), The Code is waived by an earlier express disclaimer of exceptions. (Authorities)." *State v. Jackson*, 223 N.W.2d 229, 231–232 (Iowa 1974). See also *State v. Hillman*, 238 N.W.2d 793 (Iowa 1976); *State v. Feddersen*, 230 N.W.2d 510, 516 (Iowa 1975).

In *Jackson*, supra, we found an express waiver where defense counsel stated " * * * (t)he defendant has no objections and exceptions to the instructions in their final draft." 223 N.W.2d at 232. In *State v. Dague*, 206 N.W.2d 93, 95 (Iowa 1973) we found an express waiver where defense counsel stated " * * * [w]e

don't have any objections to the instructions, your honor."

Barring defendants' claim by reason of their express waiver is reasonable and necessary notwithstanding their conviction under the facts in this case. To hold otherwise would be to adopt a rule and approve a practice which would be intolerable. The record could easily have supported a guilty verdict of larceny of a motor vehicle, the greater offense with which defendants were charged. Criminal defendants cannot be allowed to encourage or participate in submission of lesser included offenses as a trial tactic with the knowledge that, if they are convicted of the lesser included offense, it will be set aside.

Affirmed.