**STATE of Iowa, Appellee,**

v.

**Frank Porter HILLMAN, Appellant.**

**No. 58308.**

Supreme Court of Iowa.

Feb. 18, 1976.

Bertram B. Metcalf, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Des Moines, Gary L. Sissel, Asst. County Atty., Davenport, for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES and HARRIS, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of breaking and entering in violation of section 708.-8, The Code, 1973. He pleaded not guilty, was tried to a jury, convicted and sentenced, and now appeals. We affirm.

Defendant's sole contention in this appeal is that trial court erred in overruling his post-verdict motion for a new trial in which he asserted the court misdirected the jury in a material matter of law by giving an instruction containing the following language:

> "* * * A reasonable doubt may arise from the evidence in the case *or it may arise from a lack or failure of evidence* * * *." (emphasis supplied)

The language above appeared in Instruction No. 8.

I. Defendant contends the emphasized portion of Instruction No. 8 set out above is erroneous because "it permits the jury to consider defendant's failure to produce evidence in deciding if there is reasonable doubt and places upon him the burden of producing evidence or risking the danger of having his failure to do so considered by the jury as overcoming any reasonable doubt which might otherwise exist," and cites *State v. Hansen*, 225 N.W.2d 343 (Iowa

1975), in which case at page 346 we made the foregoing pronouncement.

In its brief and argument the State concedes the italicized portion of Instruction No. 8 was defective under *Hansen*, but argues the quoted language in *Hansen* is not controlling since no good and timely objections were made to the instruction.

II. At the close of the evidence, after both parties had rested, and in advance of final arguments by counsel, we find in the record the following colloquy between the court and defendant's counsel:

"THE COURT: Does counsel for the defendant acknowledge he has had reasonable time to make objections to the giving or failing to give of any instruction?

"MR. METCALF: Counsel for the defendant acknowledges that he has had sufficient time to properly consider the instructions.

"THE COURT: Do you have any objections?

"MR. METCALF: Counsel for the defendant has no objections to the proposed instructions, which I assume will become the final instructions.

"THE COURT: That's right."

There is no indication in the record any change was made in the proposed instructions before they were submitted in final form.

III. Defendant expressly waived his right to challenge the defective instruction in a motion for a new trial. We have consistently held the right to attack instructions under Code section 787.3(5) in a motion for a new trial is waived by an earlier express disclaimer of exceptions. *State v. Dague*, 206 N.W.2d 93, 95 (Iowa 1973); *State v. Hartung*, 239 Iowa 414, 423–424, 30 N.W.2d 491, 497. See also *State v. Brown*, 172 N.W.2d 152, 156–160 (Iowa 1969) and citations.

Such an express disclaimer is disclosed by the record in this case.

We find no reversible error after a review of the entire record, and affirm.

Affirmed.